GEORGE G. STEKETEE v. MARTINUS B. KIMM AND JOHN HARVEY.

*Libel affecting tradesman—Publication in foreign language—Damages.*

A newspaper article charging a druggist with making as well as selling counterfeit Haarlem Oil, and putting it in counterfeit wrappers, is libelous.

Proof that purchasers of oil from plaintiff returned it and gave the printed article as a reason for not keeping it, is admissible without calling such persons as witnesses. Reasons given in connection with such return are part of the *res gestæ*, and not to be treated as hearsay.

Proof of sales may be made without introducing the books of the business.

The presumption is that an article in the Dutch language, printed in a local Dutch newspaper of large circulation, is understood by its readers without an English translation.

A declaration averring injury to plaintiff's business and reputation among his Holland fellow citizens, does not put plaintiff to proof that they are citizens in the technical sense. All persons are citizens in the ordinary popular sense.

It is not erroneous for a court to inform the jury in an action of tort what amount of damages will carry costs.

Error to Kent. Submitted Apr. 20. Decided Apr. 25.

CASE. Defendant brings error. Affirmed.

*Loomis A. Miller* for appellants. A declaration for a libel published in a foreign language must aver that it was actually read by persons who understood it: *Zenobio v. Axtell* 6 Term 162; *Wormouth v. Cramer* 3 Wend. 394; *Zeig v. Ort* 3 Chandler (Wis.) 30; *K———— v. H————* 20 Wis. 239; Starkie on Slander 322; and it is a fatal variance if a declaration alleges that a slander was spoken in the presence of "divers citizens of the commonwealth" and the proof shows that only one person was present and that he was not a citizen: *Chapin v. White* 102 Mass. 139; it was error to charge that the publication in this case was libelous *per se: Evans v. Harlow* 5 Q. B. 624; *Young v. Macrae* 3 B. & S. 264; Cooley on Torts 203.

*Kennedy & Thompson* and *Harvey Joslin* for appellee.

CAMPBELL, J. Plaintiff, who is a druggist in Grand Rapids, sued defendants for a libel published in the Dutch language in a newspaper having a large circulation among the Hollanders in that part of the State, and recovered damages. Defendants set up several errors which, so far as material, will be considered.

The libel consisted of an article asserting that plaintiff sold what he claimed to be genuine Netherlands Haarlem Oil, and that defendants doubting it, had sent one of his labels to Haarlem, and received from the rector of the gymnasium there a letter, which is given at length, stating that a consignment of genuine oil was on its way to them, and

that the label which they sent to him was not genuine and was probably printed in America. They then went on to make some comments on the genuineness of the oil sold by plaintiff, warning buyers from dealing with any but themselves, and added a letter from one of the two manufacturing houses in Haarlem stating that the label did not come from that establishment, and charging that Steketee had at one time sold genuine oil and had caused the oil and wrappers to be counterfeited and then sold the spurious article as genuine.

Defendants pleaded the general issue and gave notice of justification, and also in mitigation. On the trial the jury did not find the justification made out. The mitigating testimony was allowed and evidently had weight in reducing the damages.

After proof of the publication of the libel and of the circulation of the paper, plaintiff proved an immediate falling off in his trade and particularly in his sales of the oil. He testified among other things that one Gruther, a merchant at Grandville, to whom he had sold at wholesale, returned it and said his customers would not buy it after they had read defendants' advertisement. He also gave further evidence of similar complaints from customers not named. The defendants allege as error the particular case of Gruther, as a specimen of the class, and objected that he should have been sworn himself.

We do not think the objection well taken. The effect of such a libel on a man's trade cannot always be traced to the individuals who deal with him. If he were compelled to show who failed to do so, it would be manifestly impossible. If the trade suddenly falls away it will usually be shown—not by customers coming to complain, but by their not coming at all. And if a customer comes to return an article previously bought, that fact is itself significant and his reasons given are a part of the transaction which cannot be regarded as a mere matter of hearsay. Any rule requiring a further line of proof would in many cases be a denial of justice as impracticable.

There was no error in allowing plaintiff to prove the aggregate amount of his sales of Haarlem oil at wholesale during the period in question, without introducing the books at large. It appears, however, that the book and other vouchers were afterwards put in, so that we do not see how this point could thereafter be set up.

The argument presented to us puts the case chiefly on the two grounds that there was no sufficient proof of publication, and that the charge was erroneous on the subject of damages.

The first objection is put substantially in this shape: The article was not in English, but in Dutch, and that not being the current language of the country there is no presumption it was read by persons who understood it, and this must be shown. And furthermore it is claimed that plaintiff's business was among Holland citizens, and there was no proof that any of his customers were citizens.

We can hardly treat such an argument with judicial gravity. It is too absurd to discuss. There was abundant evidence of circulation, and in ordinary parlance all people are citizens.

Neither is there any occasion to discuss at length the plain proposition that an article in print which not only depreciates a tradesman's wares but charges him with counterfeiting genuine articles and their labels is libelous.

Complaint is made with more apparent reason that the judge informed the jury what amount of damages would carry costs.

There are *dicta* and perhaps some decisions which reprehend this practice, and we have no doubt there is a considerable amount of opinion that it is not proper. The only reason that is given against it is that it may induce the jury to give larger damages than they really believe should be given. Our own crude impressions were at first in favor of this view.

But having the responsibility of determining distinctly whether it is erroneous to give the jury this information, we are satisfied it is not, and that the reasons against it are more fanciful than sound.

The law presumes that jurors, as well as others, have the means of knowing the statutes. There is no rule which would make it wrong for them to find out what damages will carry costs, and no probability that some of them at least do not know what amount will do so. If they think a man has been so unjustly injured that he ought to have redress from his adversary, they cannot be fairly said to carry out that determination by a verdict which necessarily puts him out of pocket. We can see no reason to suppose that a knowledge that a certain minimum of damages must be found in order to carry costs will lead them to break their oaths. If they think that the plaintiff was justified in suing for the wrong and has been seriously injured by it, they must say so by their verdict in some way, and we think they are far more likely to do justice when they know precisely the effect of their verdict, than when they are ignorant of what the statute itself regards as an important ingredient in dealing with the respective equities of the parties. We do not think the practice is erroneous.

Although we have not been led to this conclusion by the facts in this case, we are by no means sure the record would have allowed us to reverse on such an error if it had been found to be an error; for the testimony of actual and special damage would hardly have warranted a smaller verdict, had there been no charges of personal turpitude.

The judgment must be affirmed with costs.

COOLEY and MARSTON, JJ. concurred.