WIEGER H. SIXMA v. A. SCHUYLER MONTGOMERY ET AL.

*Assumpsit—Costs—Charge to jury—Damages.*

| 98 | 193 |
|-----|-----|
| 120 | 148 |
| 98 | 193 |
| 127 | 552 |

1. The rule laid down in *Steketee v. Kimm*, 48 Mich. 322, that it is not error for the trial judge to inform the jury in an action for libel what amount of damages will carry (full) costs, does not apply to an action of *assumpsit* to recover for logs converted by the defendant.

2. The owner of standing timber, who contracts for the sale and delivery of the logs to be by him cut therefrom, is not limited to a recovery of the contract price in an action of *assumpsit* brought to recover the proceeds of logs unlawfully cut from said timber by the vendee, against the protests of the plaintiff.

Error to Muskegon. (Dickerman, J.) Argued November 17, 1893. Decided December 22, 1893.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

98 Mich.—13.

*Bunker & Carpenter,* for appellants.

*Charles B. Cross,* for plaintiff.

McGRATH, J.　Plaintiff brought *assumpsit* to recover the proceeds of certain logs which were taken from his premises, cut into lumber, and sold by defendants, and had judgment for $117.50.

The court instructed the jury that if plaintiff recovered less than $100 the defendants would recover costs.　This was manifest error.　The rule laid down in *Steketee* v. *Kimm,* 48 Mich. 322, should be applied to actions of tort only. The questions to be determined by the jury in the present case were: (1) The cutting; (2) the quantity cut; (3) the value.　The plaintiff had the choice of both remedy and forum.　The costs are fixed by statute, and are dependent upon the finding of the jury and the forum.　The jury should not be directed to add to or diminish either quantity or value with reference to the question of costs, especially in a case where the plaintiff chose to waive the tort and follow the proceeds of the timber cut.

Inasmuch, therefore, as the judgment must be reversed, and a new trial had, it may not be improper to determine the law of the case presented by the record.　A written contract was claimed to have been entered into between the parties, under which defendants insist that they were entitled to all of the timber, cut into logs, that was upon the premises.　Plaintiff cut from the east side of his land a number of logs, which were delivered to defendants; but it appears that defendants were cutting upon lands adjoining on the west, and plaintiff insists that, notwithstanding his repeated protests, defendants came across the line, and cut and carried away from plaintiff's land a large number of logs, claiming at the time that the timber so cut was not on plaintiff's land.　On the trial, defendants did not

dispute the cutting, but insisted that, inasmuch as the contract covered all of plaintiff's timber, plaintiff's recovery must be limited by the prices fixed by the contract. The contract contemplated that the logs should be cut by plaintiff, and that they should be cut free from shake, rot, and crooks. Even though the contract covered all the timber, it did not give defendants the right, against plaintiff's protests, to enter upon plaintiff's lands, cut in their own manner, and make their own selection. In such case defendants would be trespassers, and plaintiff would not be limited to the prices fixed by the contract.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.