PHILLIPS *v.* UNITED STATES BENEVOLENT SOCIETY.

1. TRIAL—STATEMENTS OF COUNSEL—OPENING TO JURY.

It is not error for plaintiff's counsel to state, in his opening address to the jury, that he will be unable to produce a certain material witness, and to give the reason therefor.

2. SAME—OFFER OF INCOMPETENT TESTIMONY.

Counsel should not offer, in the presence of the jury, testimony which he knows is incompetent.

3. MUTUAL BENEFIT SOCIETIES — DENIAL OF LIABILITY—PROOFS OF LOSS—LIMITATIONS—WAIVER.

A mutual benefit society which, on being notified of a claim for accident benefits, at once denies all liability, thereby waives proofs of loss, and a provision of the membership certificate forbidding suit until three months after such proofs are furnished.

4. SAME—DEFENSES — CORRESPONDENCE BETWEEN PARTIES — ADMISSIBILITY.

In an action on a benefit certificate, where defendant denies that plaintiff sustained the accidental injuries claimed by him, it is error to place before the jury a letter written to the company by plaintiff's attorneys, stating that a certain physician, not called as a witness, diagnosed the plaintiff's illness as due to accident, even though portions of the correspondence are admissible for other purposes.

5. EVIDENCE—INSTRUMENT BEYOND JURISDICTION—PAROL PROOF—DEPOSITION.

Parol evidence as to the contents of a written instrument which has been neither lost nor destroyed is inadmissible, though the instrument itself is outside of the jurisdiction of the court, where proof of its contents can be obtained by deposition.

6. MUTUAL BENEFIT SOCIETIES — NOTICE OF CLAIM — MISTAKEN DIAGNOSIS.

Where the holder of a benefit certificate, which provided that the company should be notified within five days, with full particulars, in all cases of accident or sickness, fell ill, and notified the company, in accordance with the diagnosis of the attending physician, that he was disabled from neuralgia, against which, under the circumstances of the case, there was

no indemnity, and it subsequently developed, upon diagnoses by other physicians, that the original diagnosis was incorrect, and that the illness was due to accidental injuries, and the company was notified within five days after such fact was ascertained,—the notice was sufficient, since the member could not be deprived of benefits, in the absence of a definite provision to that effect, by reason of the mistake of his physician.

7. WITNESSES—PHYSICIANS—PRIVILEGE—WAIVER.

A notice to defendant to produce a letter written to him by plaintiff's physician does not justify the admission of privileged communications between plaintiff and his physician over his objection.

8. TRIAL—INSTRUCTIONS—VERDICT—COSTS.

In an action of *assumpsit* against a mutual benefit society to recover accident benefits, it is error for the court to call the jury's attention to the fact that a judgment for plaintiff for less than $100 will entitle defendant to costs.

Error to Shiawassee; Smith, J.   Submitted January 5, 1899.   Decided May 9, 1899.

*Assumpsit* by Richard Phillips against the United States Benevolent Society of Saginaw on a policy of accident insurance.   From a judgment for plaintiff, defendant brings error.   Reversed.

Defendant is a mutual benefit association, organized under the laws of this State, insuring its members against disability from sickness or accident, and from death occasioned by accident.   October 23, 1896, plaintiff presented an application for membership.   Among the questions required to be answered by this application, and here material, was this:

"Are you now insured in any other company paying sick or accident benefits?   If so, give name and amount carried in each.
"*Answer:* No."

By the terms of this certificate, there was no liability for disability arising from sickness or disease unless it began after 90 days' continuous membership.   In all cases of

accident or sickness, immediate notice was required to be given in writing, addressed to the secretary, with full particulars thereof. "Failure to give such notice within five days from the happening of such accident or beginning of illness renders the claim invalid, and it cannot be recognized or paid."

Early in December, 1896, plaintiff served a notice in writing upon the defendant, stating that "at 11 minutes past 11 o'clock a. m., on the 5th day of December, 1896, I was totally disabled from doing any work by neuralgia." This notice was not dated, but was promptly served, as defendant wrote December 10, 1896, acknowledging its receipt, and notifying him that he could not recover any sick benefits before January 24, 1897, because he would not have been a member 90 days until that date. This notice was given upon a diagnosis of the case by plaintiff's physician, Dr. Hume. Subsequently another physician, Dr. Cameron, was called in, and plaintiff was taken to the Homeopathic Hospital at the University, and an examination was made by Drs. Cameron and Le Seure. They appear to have pronounced the trouble to be the result of an injury which plaintiff claimed to have received in the car shops of the Toledo & Ann Arbor Railroad Company at Owosso. Thereupon, on January 29, 1897, Dr. Cameron sent to the defendant a written notice, stating that plaintiff "had been suffering for several weeks from an injury sustained in the car shops, which at that time was reported by his physician as sciatica, and treated as such without success. Dr. Osborne, the health officer, and I, examined Mr. Phillips, and failed to find any trace of rheumatism. Whatever information you require covering this case will be freely furnished."

By the terms of the certificate of membership, there was no liability for rheumatism. Plaintiff had not been a member 90 days on the 5th day of December; consequently there was no liability for disease. On February 26, 1897, plaintiff furnished proofs of loss, and commenced this suit April 20th following. Early in February plain-

tiff's wife wrote a letter to the defendant in regard to plaintiff's claim, which is not found in the printed record. To this letter defendant replied February 12th, in which it denied liability by stating that the defendant had had plaintiff examined by three prominent physicians, and it would have to stand by their decision, closing by saying: " We do not think that Mr. Phillips is entitled to any indemnity." Plaintiff had employed Watson & Chapman, attorneys, on January 29th. On the 15th of February these attorneys wrote to the defendant in regard to this claim, but this letter is not found in the printed record. To this the defendant, on February 22d, made the following reply:

" In reply to yours of the 15th, would say that, as there has been no proof filled out in the Richard Phillips case, in order that we may know what he claims, we think, perhaps, there had better be. Of course, there is no use in sending a sick proof, because there would be no way by which he can recover any sick benefits; so, with the distinct understanding that we do not concede any liability whatever, or waive any of the provisions of our certificate or by-laws, or any other rights, we inclose an accident proof to be filled out by Mr. Phillips and his physician in full. Forward same to this office, and we will look it over, and advise you further."

Other correspondence followed in regard to the claim, but, failing to agree, suit was launched. Plaintiff recovered verdict and judgment.

*A. L. Chandler* ( *John A. McKay,* of counsel), for appellant.

*Watson & Chapman,* for appellee.

GRANT, C. J. ( *after stating the facts* ). 1. In his opening statement to the jury, counsel for plaintiff said: "I am not going to produce Dr. Le Seure, because we do not feel able to produce him." We see no objection to this statement. It was competent for the plaintiff to show that he could not produce a material witness, and to show the reason therefor.

Upon the trial plaintiff's counsel stated to the court, in the presence of the jury: "Something has been said about getting Dr. Le Seure here. I have his diagnosis, which I will offer in evidence, if my brothers don't object to it." Of course, the presumption is that this diagnosis was favorable to plaintiff's claim; else it would not have been offered. It was clearly incompetent, and his counsel so admitted. The offer should not have been made in the presence of the jury. The jury might readily draw an inference of its contents. Counsel should not offer testimony in the presence of the jury which they know is incompetent. The purpose of such offers is apparent. *Scripps* v. *Reilly*, 38 Mich. 14.

2. It is urged that the suit was prematurely brought, because it was brought before the expiration of three months after filing proofs of loss. The complete reply to this is that the defendant promptly denied all liability. By this conduct the defendant waived proofs of loss and all limitations as to time. These requirements preliminary to the right to bring suit do not apply to cases where the defendant at once denies all liability. *Norwich, etc., Transp. Co.* v. *Insurance Co.*, 6 Blatchf. 241; *Manhattan Ins. Co.* v. *Stein*, 5 Bush, 652; *Francis* v. *Insurance Co.*, 6 Cow. 404.

3. A large number of letters were written by the secretary of the company to the attorneys for plaintiff, and by them to the secretary, after the letter of the company denying liability, and before the bringing of suit, in regard to this claim. This correspondence was had with a settlement in view, and with a distinct statement in the letters of both parties that it should not waive any defenses which the defendant had. In one of these letters, dated March 31, 1897, written by plaintiff's attorneys, the diagnosis of Dr. Le Seure is stated as follows:

"Mr. Phillips was presented to the class in the hospital, and a careful examination made of his condition. A compensating curvature of the spine exists; pelvis tips about an inch. The diagnosis, in my judgment, is a rupture of a tendon of one of the muscles of the hip."

This damaging testimony was placed before the jury for their consideration without any opportunity for cross-examination.   Some of these letters might be admissible as evidence of a waiver of the preliminary proceedings to suit, under *Burnham* v. *Casualty Co.*, 117 Mich. 142, if all such proceedings, as above shown, had not already been waived by the denial of all liability.   But, even if they were admissible for this purpose, testimony of this character cannot be placed before the jury by such statements in a letter.

4. Defendant offered to show by parol that plaintiff, after the above injury, had applied for membership in another fraternal organization, in which application he stated he had never been sick.   This was excluded, under objection.   Counsel seek to defend its admissibility upon the ground that the written application was out of the jurisdiction of the court, and in the hands of the chief secretary of that organization, in Toronto, Canada.   The written document had neither been lost nor destroyed, and the law provides a way for securing such testimony by deposition.   The testimony was, therefore, properly excluded.

5. It is claimed that the plaintiff did not give timely notice of his injury, in accordance with the provisions of the charter and by-laws.   Notice was served upon the company with promptness after he had been informed by one of his physicians that his illness did not result from disease, but from an accident.   We do not think that the first notice that he was suffering with neuralgia was binding upon him.   It would be a hard rule, and one which the rules of the company must place beyond doubt, which would deprive a member of his benefits through the mistake of his physician.   The notice was served as soon as he ascertained that the accident with which he had met was the occasion of his trouble.   We think this a sufficient compliance with the by-law.

6. Dr. Hume was called as a witness by the defendant, and asked to state what he discovered on making his examination of Mr. Phillips.   This was objected to, as a

privileged communication. Defendant's counsel appears to have admitted its privileged character, but sought to justify its admission upon the ground that plaintiff's attorneys had served upon the defendant notice to produce a letter written by Dr. Hume, January 10, 1897, to the defendant. We do not find this letter introduced in evidence. It requires no argument to show that the notice to produce did not justify the admission of the evidence, or change the rule as to privileged communications.

7. The court instructed the jury that, if the plaintiff is entitled to recover in this case, "I instruct you that, unless he recovers over $100, he will not recover his costs, but defendant will recover costs against him." This was an action of *assumpsit*, and although, in an action of tort, such an instruction has been sanctioned (*Steketee* v. *Kimm*, 48 Mich. 322), it has been held improper in an action of *assumpsit* (*Sixma* v. *Montgomery*, 98 Mich. 193). This was an action of *assumpsit;* therefore the instruction was erroneous.

8. The complaint is made that one of plaintiff's counsel, in his closing argument, used unjustifiable language, which would naturally tend to prejudice the jury, within the rule of *Britton* v. *Railroad Co.*, 118 Mich. 491. There seems to have been much feeling between counsel exhibited on the trial of this cause, as appears from the record. The closing argument of plaintiff's counsel appears in the record, while that of the defendant's does not. There was language used which we think the presiding judge, upon his own motion, should have checked. We do not feel disposed to criticise what appears upon the record here, as it is not likely to occur upon a second trial.

Other questions are raised, but we think they come within the rulings already made, and will not occur upon a new trial.

Judgment reversed, and new trial ordered.

MONTGOMERY, HOOKER, and LONG, JJ., concurred with GRANT, C. J. MOORE, J., concurred in the result.