JOHNSON v. HENRY.

1. CONTRACTS—PERFORMANCE—APPROVAL.

Under a contract "to stump and clear, ready for the plow," certain land for an agreed price per acre, payable "as fast as the land is ready for the plow and approved by" the owner, such approval is a prerequisite *only* to the right of the contractor to payments in advance of a full performance of the contract.

2. SAME.

> Under such a contract, such roots must be taken out as inter-
> fere with plowing, whether open to casual observation or
> not.

3. SAME—WAIVER OF DAMAGES.

> The right to damages for failure to complete a contract within
> the time limited is not necessarily waived by permitting or
> requiring the defaulting party to complete it.

4. SAME—EVIDENCE.

> In an action for labor, testimony tending to show the wealth of
> the defendant is improperly admitted.

5. SAME—INSTRUCTIONS—COSTS.

> It is error to instruct the jury, in an action on contract, as to
> the amount that plaintiff must recover to entitle him to
> costs.

Error to Montcalm; Davis, J. Submitted April 19, 1901. Decided July 10, 1901.

*Assumpsit* by William Johnson against Charles E. Henry for work and labor performed under an express contract. From a judgment for plaintiff, defendant brings error. Reversed.

*Frank A. Miller* and *V. H. & H. H. Smith,* for appellant.

*L. C. Palmer* and *George E. Nichols,* for appellee.

HOOKER, J. This cause was tried on the special count of plaintiff's amended declaration. A written contract was made by the parties, whereby the plaintiff was to clear some land for the defendant. The following is a copy of the contract:

"This agreement, made and entered into this 16th day of July, A. D. 1895, between William Johnson, of the first part, and Charles E. Henry, of the second part, *Witnesseth:* Said party of the first part agrees to stump and clear ready for the plow, and to build a stump fence around and across through the middle, east and west, of the following described land, to wit: The southwest quarter of the south-

east quarter of section ten in the township of Day, Montcalm county, Mich.; also to stump and clear a strip of land on the south side of the northwest quarter of the southeast quarter of said section ten, as wide as is already stumped on the south side along the road of said described land. Said work to be commenced on or before the first day of August, 1895, and to be completed on or before the first day of June, 1896. Said second party to pay said first party the sum of twenty dollars per acre, as follows: Four dollars per acre to be applied on the payment of a certain chattel mortgage given by said first party to said second party, and the balance of sixteen ($16) dollars per acre to be paid to the first party as fast as said land is ready for the plow and approved by said second party. Said fence to be built at least six feet high, and stumps to be laid close together and laid straight.

"(Signed)    WILL JOHNSON.
"(Signed)    CHARLES E. HENRY.
"(Signed)    W. W. McKUNE."

From a verdict and judgment in favor of the plaintiff, the defendant has appealed.

Counsel for the defendant claim that, by the terms of this contract, the plaintiff was entitled to full pay for his work when the land was fitted for the plow and approved by defendant, and that the defendant was under no obligation to pay for the work until it was completed to his satisfaction. We are of the opinion that the contract should not receive such a construction. Upon the completion in accordance with the requirements of the contract, the plaintiff was entitled to full payment; and he was entitled to earlier payment, at the agreed price per acre, for such portions as should have been fitted for the plow and approved by the defendant.

It is contended that a verdict should have been directed for the defendant upon the ground that the uncontradicted testimony shows that the contract was not performed. We do not so understand the record. The plaintiff testified that he cleaned the land, and left it in good condition for the plow. What is a fit condition for the plow, and whether it was so left, are questions for the jury; and so is the question whether defendant waived the right to

complain of a failure to complete the work at the time specified.

As has been seen, the court permitted the jury to determine that the contract had been performed. The contract made was that plaintiff should "stump and clear ready for the plow." There was testimony tending to show that this was not done; that several wagon loads of roots were left in the ground, and that these were so near the surface as to interfere with plowing; and that the holes were not filled. Plaintiff testified that he took out such roots as he saw in the ground, after taking out the stumps. If, under any theory, it can be said that any of the roots could be left in the ground, under this contract, it is obvious that it was the plaintiff's duty to take out such as would interfere with the plowing, whether they were open to casual observation or not. An inspection of the stumps would readily have shown whether roots were left in the ground or not. The court instructed the jury upon that subject as follows:

"I say to you, in this connection, a man is not, in taking a contract of this kind, in the law, bound to look for the nonexisting or unseen things, but he should use all reasonable diligence and care in making the ground in such condition that it could be said it was in a reasonably fit condition for the plow. It must be in that condition that, when he claims he is through with his contract, that it could be said that it had all appearance of being ready for the plow."

This was erroneous.

The court said to the jury, upon the subject of extension of time, that:

"The plaintiff claims, by mutual agreement, the time was extended. If it was, then the defendant waived the right to insist upon its fulfillment at that time, or for any damages arising therefrom."

There may be circumstances which show a waiver of the right to recover damages for nonperformance within the prescribed time. *Wildey* v. *School District*, 25 Mich.

419; *Barnard* v. *McLeod,* 114 Mich. 73 (72 N. W. 24); *Blodgett* v. *Foster,* 120 Mich. 392 (79 N. W. 625). But a waiver does not necessarily exist if the defaulting contractor is permitted, or even required, to go on and finish his contract. It would be his duty to do all possible to lessen the damage, by doing the work as soon as possible. *Williams* v. *Hodges,* 41 Mich. 695 (3 N. W. 189); *Fildew* v. *Besley,* 42 Mich. 100 (3 N. W. 278, 36 Am. Rep. 433). See note to *Wildey* v. *School District, supra; Ruff* v. *Rinaldo,* 55 N. Y. 664.

Complaint is made that counsel were allowed to show that the defendant was possessed of much property, while plaintiff was a laborer, and of the charge to the jury that the plaintiff would not be allowed costs unless they should render a verdict of $100. We think there was no occasion to show that this defendant had over 1,000 acres of land under cultivation. The court so understood it, and endeavored to cure it by directing the jury to disregard it. The statement regarding costs was of the same character. There was no propriety in suggesting to the jury that it would be necessary to give the plaintiff a verdict of $100, to enable him to recover costs. Counsel suggest that it does not appear who had been talking about costs, and that it may have been defendant's counsel. Aside from the improbability of this, the charge was given in the language of a request offered by the plaintiff. It has been twice held that such instruction is erroneous. See *Sixma* v. *Montgomery,* 98 Mich. 193 ( 57 N. W. 108 ); *Phillips* v. *Benevolent Society,* 120 Mich. 142 ( 79 N. W. 1 ).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.