Ferneding, J.
Both of these cases were brought upon policies of insurance covering accidental injuries.
The petitions state that plaintiff, John Roehm, on or about -the........day of June, 1914, while participating in a game of basket ball, was accidentally struck a hard blow in the left eye, and that at the time no serious consequences were indicated from the injury.
He consulted a physician at the time, who, after examination, did rtot consider the injury of a serious nature.
Some time later, however, he consulted another physician and then learned that as a result of such accidental blow h*e had lost the greater portion of the sight of said eye. He thereupon immediately notified the company. The sight of this eye gradually diminished and finally failed entirely. It is further averred that as a result of said accidental injury the entire sight of both eyes was irrevocably lost.
The plaintiff avers in said petition that until about the . . .'..... day of April, 1915, he was entirely without knowledge that said accidental blow had seriously injured his eyes, and that immediately upon receiving such notice, to-wit, April 15, 1915, he duly notified the insurance company.
*420 The court of common pleas sustained demurrers to both petitions and the cases were brought here upon petitions in error.
The controlling question in both cases is as to the failure of the insured to give notice of the accident or injury within the specified time after the accident mentioned in the policy.
The language of the stipulation in each of the policies as to notice being somewhat different, the cases will be discussed separately.
The Employers Liability Assurance Corporation Case.
■In this case the “notice” clause is as follows:
“No claim shall be valid on account of any injuries, fatal or otherwise, unless written notice is given to the corporation’s manager for the United States at Boston, Massachusetts, or to the agent of the corporation whose name is indorsed hereon, within thirty days from the date of sustaining any injuries, fatal or otherwise (unless such notice may be shown not to have been reasonably possible), for which claim is to be made, with full particulars thereof and full name and address of the assured or beneficiary, as the case may be.”
It will be observed that in this case there is no absolute requirement that the notice be given within thirty days after the accident.
This policy was evidently intended to provide against a harsh or strict construction of this clause and to allow a liberal construction in favor of the policy-holder in cases where “notice” within a limited period was not “reasonably possible.”
*421 Counsel for both parties have been diligent in the citation and review of cases, both from this and other states, but we think this case rests upon a reasonable construction of the saving clause in the condition above quoted.
This clause is presumed to have been an inducement for the issuing and acceptance of the policy, and, in view of the liberality allowed the policyholder by this clause, we think it would be a reasonable construction to hold that the policy-holder would not be required to give notice within the thirty days after the accident, if no serious injury was indicated at the time of the accident.
The petition distinctly avers that while the plaintiff received a hard blow over the left eye, yet no serious injury was indicated and 'the plaintiff had no actual knowledge of the serious injury to the eye until some months later.
We think it is not reasonable under this policy to require the insured to give notice of every small injury received, but only in case where some material or substantial injury is reasonably apparent.
Counsel for defendant in error rely upon the case of The Travelers’ Ins. Co. v. Myers & Co., 62 Ohio St., 529.
This case is distinguished first in the nature of the notice clause, and second in the fact that in •the Myers case the insured had full knowledge of the injury at the time of the accident.
We are of opinion that the demurrer in this case should have been overruled;
*422 The American Casualty Company Case.
The policy in this case contains the following:
“Written notice- of any injury, fatal or nonfatal, for which claim can be made shall be given to the company.. at. its home office at Reading, Pennsylvania, • within ten days from the ’date of ■the accident.”
The argument is .made by counsel for defendant in enror that this stipulation, being absolute in it terms, must be literally complied with in all cases before a recovery can be had. Counsel rely particularly, upon the Myers case, 62 Ohio St., 529, and the Coldham case, 2 N. P., 358, affirmed by the supreme court 57 Ohio St., 657. The Myers case is distinguishable from the case at bar. There the facts were all known to the assured at the time of the accident, and notice was delayed merely because the assured hoped that by making no claim or- investigation the injured parties would not bring- the- action. Later suit was brought against the insured, and, when the insured came to assert his claim against the insurance company, it' was held that he had lost his claim by failure to give notice provided for in the policy.
In the case at bar under the averments of the petition, the assured had no knowledge of the injury to the eyesight for which claim is now made.
The Coldham case contained three limitations: one required immediate notice, one required proof of death in seven months, and the other required the action to be brought in twelve months. No action was 'brought until after thirteen months. The supreme court may have affirmed the judg *423 ment upon either one of the three limitations. There was no reason for not bringing the action within one year, and very little, if any, excuse for not making the proofs of death within seven months. - ...
Taking the decision of Judge Pugsley, as to the giving of immediate notice, there is a distinction between that case and the present, because in that case the beneficiary had notice of all the substantial facts as to the accident and the cause of death, and Judge Pugsley holds that she should have at least notified the company of the information in her possession. It is claimed, however, that the Myers case settles the proposition that a stipulation in a policy as to giving notice must.be strictly followed in all cases regardless of the possibility of giving such notice.
While it is stated in the Myers case that the stipulation as to notice must be strictly followed, yet in later cases the supreme court has held that where the terms or conditions of a policy are doubtful they must be construed liberally in favor of the policy-holder. The Farmers National Bank v. The Delaware Ins. Co., 83 Ohio St., 309; Webster et al. v. Dwelling House Ins. Co., 53 Ohio St., 558, and Mumaw v. The Western & Southern Life Ins. Co., 97 Ohio St., 1.
It was also held in the Webster case, supra, that conditions of forfeiture - are to. be liberally construed in favor of the beneficiary.
From the petition the following appears in respect to the accidental injuries insured against:
“If such injuries shall result within two hundred weeks from the date of the»accident in • the *424 irrecoverable loss of the entire sight of one eye, one-half of the principal sum shall be paid to the insured.”
Also the following:
“If such injuries shall result within two hundred weeks from the date of the accident in the irrecoverable loss of the entire sight of both eyes the principal sum shall be paid to the insured.”
. From this item of .the policy it would appear that the loss of the eyesight insured against was not necessarily one resulting instantaneously and immediately from the accident, but one that might exist i,n a latent condition for a considerable period.
The case stated in the petition shows that' the injury to the eye was not discovered at the time of the accident, or within the period allowed under the express terms of the stipulation for notice to the company.
If a strict and literal interpretation is to be given to the “notice” clause, many cases of injury to eyesight would be foreclosed because of the inability from one cause or another of the claimant to give the notice.
'We think a liberal construction of the “notice” ■clause is reasonably necessary to preserve the main purpose of the insurance.
■It would not be fair to assume that either the company or the assured intended by the “notice” clause to foreclose the possibility of asserting a claim so clearly, and distinctly conferred by the obligatory terms of the policy.
No cases entirely in point are found in this state, although the two following cases show a liberal construction of the “notice” clause: The *425 Manufacturers’ Accident Indemnity Co. v. Fletcher, 5 C. C., 633, and The American Accident Co. v. Card, Admx., 13 C. C., 154, affirmed without opinion, 60 Ohio St., 583.
The question has frequently arisen in other states, and, while there is conflict upon this question, we think the weight of authority sustains a liberal interpretation in favor of the policy-holder, and where it is impossible for the policy-holder to give notice within the stipulated period it may be given immediately upon discovery of the accidental injury.
“In an action upon an accident insurance policy where at the time of the accident plaintiff thought he was not injured, and for several months after-wards he and his physicians attributed his suffering to rheumatism instead of to the accident, his failure to give notice of the injury within ten days as required by the policy would not defeat his action where he gave notice as soon as he learned from a correct diagnosis of his case that his condition was the result of the injury from the accident.” The U. S. Casualty Co. v. Hanson, 20 Col. App., 393.
“His claim, however, was for the loss of his eye, and it is difficult to see how he could with any propriety make such a claim until he 'had actually lost it, or it had become clear that he would lose it. !How could he have truthfully made such a claim on the fifth of September?- And had he done so and his eyesight been restored, the probability is the defendant company would have criticised his claim even more closely than it has done now.” People’s *426 Mutual Accident Assn. v. Smith, 126 Pa. St., 317, 325.
• “I see no reason which requires notice to be given of the loss of an eye, until the eye is destroyed, any more than that in a life policy a man should give notice of his death before he dies.” People’s Mutl. Acc. Assn. v. Smith, supra, quoted with approval in Maryland Casualty Co. v. Ohle, 120 Md., 371, 87 Atl. Rep., 763.
“Notice was sufficient, since the member could not be deprived of benefits, in the absence of a definite provision to that effect, by reason of the mistake of his physician.” Phillips v. United States Benevolent Society, 120 Mich., 142. See also Rorick v. Railway Officials’ & Employes’ Accident Association, 119 Fed. Rep., 63.
We have therefore reached the conclusion that under a reasonable construction of the stipulation in the policy as to notice, together with other terms of the policy as disclosed in the petition, the demurrer to the petition should have been overruled..

Judgments reversed.

Kunkle and Allread, JJ, concur.