GROSS *v.* MICHIGAN MUTUAL LIABILITY CO.

INSURANCE—AUTOMOBILES—ACCIDENTAL DEATH OF DRIVER—PAYMENT
OF PREMIUM—CONDITION PRECEDENT.

> Under automobile insurance policy containing an unambiguous
> clause insuring plaintiff's decedent against accidental death,
> dismemberment, or disability and providing for instalment pay-
> ment of premium but that the personal accident protection
> should ''become effective if a dividend or other credit is ap-
> plied as indicated hereon or upon payment of the first premium
> payment,'' no recovery may be had for death of insured which
> occurred before any premium payment had been made, a
> payment of premium being a condition precedent to liability
> under that clause of the policy herein involved.

BUSHNELL, NORTH, and McALLISTER, JJ., dissenting.

Appeal from Wayne; Moll (Lester S.), J. Sub-
mitted June 16, 1939. (Docket No. 54, Calendar
No. 40,571.) Decided November 9, 1939.

Action by William H. Gross, administrator of the
estate of Charles E. Gross, deceased, against Mich-
igan Mutual Liability Company, a Michigan corpo-
ration, for sums allegedly due under the terms of an
insurance policy. Judgment for defendant. Plain-
tiff appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

---

*Butzel, Levin & Winston* (*Chris M. Youngjohn, L. J. Carey,* and *George J. Cooper,* of counsel), for defendant.

CHANDLER, J. On October 20, 1936, defendant issued a policy of insurance to plaintiff's decedent, insuring against public liability and property damage claims arising out of the use of his automobile. Section 3 of the policy provides that defendant,

"Does hereby insure the person named in item 13 of the declarations (hereinafter called the insured), in consideration and from date of payment of the entire annual premium stated in the declarations (unless otherwise provided), subject to all conditions and limitations hereinafter contained, against death, dismemberment, loss of sight or disability resulting directly by and independently of all other causes from bodily injuries sustained through external, violent and accidental means caused while the insured is riding in, either as driver or passenger or by being accidentally thrown from the automobile described in the declarations, for the amounts and in the manner as hereinafter provided."

According to certain declarations attached to the contract, the policy period was to be from November 9, 1936, to November 9, 1937. The total premium of $39.45, plus service charges in the amount of $1.25, was made payable in five monthly instalments of $8.14 each, the first thereof becoming due on December 9, 1936. Item 13 of the declarations provided:

"The emergency road touring and travel service and personal accident protection as provided in sections 2 and 3 of the policy become effective if a dividend or other credit is applied as indicated hereon or upon payment of the first premium payment herein specified."

On December 3, 1936, deceased met his death while driving the automobile described in the foregoing policy of insurance. Two days later, defendant was informed of the death, and requested to furnish forms for making proof of loss under section 3. Defendant refused to furnish the forms as requested and denied liability, stating that, "our records indicate the premium on this policy was never paid to this office, and, therefore, the coverage on the preferred accident feature never went into effect. Regarding this section of the policy, the actual payment of premium must be made before the policy is effective."

Thereupon, this suit was instituted by plaintiff as administrator of the insured's estate to recover the sum provided in section three for deceased's accidental death. Following judgment for defendant and a denial of a motion for a new trial, plaintiff has taken this appeal.

It is conceded that the first premium instalment had not been paid prior to the insured's death, and that there was no "dividend or other credit," within the meaning of this phrase as used in the declarations, that could be applied as a payment on the premium at the time of death. Plaintiff contends, however, that by a broader use of the term "credit," section 3 of the policy was in effect at the time of the accident, and that the defendant had extended credit for the payment of the premium which kept all provisions of the contract in force from the beginning of the policy period as stated therein until the first premium instalment became due and payable on December 9, 1936. In support of this claim, plaintiff cites cases involving policies issued by mutual benefit associations, and in which it is held that a presumption of payment of the premium, or extension

of credit, arises from delivery of the policy. See *Taylor* v. *Supreme Lodge of Columbian League,* 135 Mich. 231 (106 Am. St. Rep. 392). Obviously, cases of this type are inapplicable here as the policy in question specifically reveals that the premium had not been paid, and makes provisions for payment thereof in instalments.

We find no ambiguity existing relative to the effective date of section 3. Plaintiff's elaborate argument attempts to distort the plain and unequivocal language of the contract. According to express provisions, section 3 was to become effective upon payment of the entire annual premium "unless otherwise provided." It was otherwise provided in the declarations, forming a part of the policy, that this section should become effective upon payment of the first premium instalment. Adoption of plaintiff's argument that a credit was extended and that section 3 thereby became immediately effective would nullify the foregoing plain provisions.

It is apparent that credit was extended as to risks insured under section 1. There is nothing to indicate, however, that a similar arrangement was contemplated as to section 3. Contrariwise, actual premium payment was made a condition precedent before the insurance became effective.

The judgment is affirmed, with costs to defendant.

WIEST, SHARPE, and POTTER, JJ., concurred with CHANDLER, J.

BUSHNELL, J. (*dissenting*). I am not in accord with the result reached by Mr. Justice CHANDLER. The policy of insurance in question bears a striking resemblance to the one issued by the same company, which we construed in *Hauser* v. *Michigan Mutual*

*Liability Co.*, 276 Mich. 624, the language of item 13 of the declarations, which reads ''become effective if a dividend or other credit is applied as indicated hereon or upon payment of the first premium payment herein specified,'' being identical. In that case, recovery was sought under, the personal accident part of the policy. The insurance period was for one year from noon September 15, 1933, and the premium was payable in five equal monthly instalments of $7.15, the first payment being due October 15, 1933. The insured died as a result of an injury received in a collision which occurred on January 3, 1934. No premiums had been paid on the policy up to the time of the accident, but several days thereafter a friend of the family paid defendant's agent $5 and he accepted it. Defendant relied upon the express language of the insurance contract and the statute, 3 Comp. Laws 1929, § 12441 (3[A]) (Stat. Ann. § 24.277 [3(A)], while plaintiff's administrator contended that the policy, becoming effective by delivery and upon the extension of credit, remained in force until its expiration date unless formally cancelled by the insurer. The court held that, since the contract provided for credit and instalment payments and expressly declared the effect of a payment after default, it was plain that such provision must govern the case and that the policy was not in effect when the insured was injured. The court also said in the *Hauser Case,* that:

''The policy must be read as a whole. Plaintiff's contention, if applicable, would be sufficient to carry the policy in force until the first payment was due. After a premium payment became due and was in default, however, a new situation arose which is covered by the provision above quoted.''

In *Pietrantonio* v. *Travelers Ins. Co. of Hartford, Connecticut*, 282 Mich. 111, 116, the court said:

"It is a principle of law too well established in this jurisdiction and others to need discussion or citation of authorities, that a policy of insurance couched in language chosen by the insurer must be given the construction of which it is susceptible most favorable to the insured; that technical constructions of policies of insurance are not favored; and that exceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer," citing *Pawlicki* v. *Hollenbeck*, 250 Mich. 38.

My Brother CHANDLER finds no ambiguity in the contract. This may be true if we look only at the various clauses standing alone, but we read the policy and its accompanying papers together, construe the contract as a whole, and gather the intent of the parties from the four corners of the instruments. *Rogers* v. *Great Northern Life Ins. Co.*, 284 Mich. 660.

The parties intended the entire policy to be in effect from November 9, 1936, to November 9, 1937. The combined premium for the three sections was payable in instalments, the first being due on December 9, 1936. One-fifth of the annual premium charged for personal accident (section 3) and emergency road service (section 2), as well as a service charge of 25 cents, was included in each instalment. Plaintiff's decedent was insured under section 3 from November 9, 1936, because such insurance was issued "in consideration and from date of payment of the entire annual premium stated in the declarations (unless otherwise provided)." Notwithstanding the claimed limitations of subsequent language in section 3 and item 13 of the "declarations," any other construction of the papers taken as a whole would provide only 11 months of coverage under sec-

tion 3 even though the insured eventually paid the entire premium charged for 12 months.

Section 1 of the policy, which is not involved in this appeal, provides for certain coverage "in consideration of the payment of the premium," and the declarations are silent as to any limitation on section 1. If defendant's argument is applied to section 1, the insured might have only 7 months' coverage for bodily injury and property liability under this section even though the full 12 months' premium was eventually paid.

I cannot agree that printed language in item 13 of the declarations attached to the policy can impose limitations on the insurance coverage of section 3 or qualify the typewritten portions of the "declarations." *Minnock* v. *Eureka Fire & Marine Ins. Co.,* 90 Mich. 236, 241. Defendant extended credit to the insured and thereby agreed to be liable for all the coverage of the entire policy until a default by the insured or cancellation by the insurer terminated such liability. *Hauser v. Michigan Mutual Liability Co., supra.*

The judgment entered below should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It should be so ordered, with costs to appellant.

NORTH and MCALLISTER, JJ., concurred with BUSHNELL, J. BUTZEL, C. J., did not sit.