John J. CONNORS, Plaintiff-Appellee,

v.

AMERICAN CASUALTY COMPANY, a
Pennsylvania corporation, Defendant-
Appellant.

No. 15539.

United States Court of Appeals
Sixth Circuit.

April 18, 1964.

Argued by Robert E. Rutt, Detroit,
Mich., Ward, Plunkett, Cooney, Rutt &
Peacock, Detroit, Mich., on brief for ap-
pellant.

Argued by Cashan P. Head, Detroit,
Mich., Head & Denenberg, Detroit, Mich.,
on brief for appellee.

Before WEICK, Chief Judge, CECIL,
Circuit Judge, and McALLISTER, Senior
Circuit Judge.

PER CURIAM.

Plaintiff, a physician, recovered a ver-
dict and judgment in the District Court
in the amount of $50,000.00 on a Group
Accidental Death and Dismemberment
Insurance Policy issued by defendant.
He had sustained an injury to his right
eye in an automobile accident on June 14,
1959. It was diagnosed as a detached
retina on September 14, 1959 by his at-
tending physician, Dr. Ruedemann, who
was an ophthalmologist. A retinal cau-
tery was performed by Dr. Ruedemann
on October 8, 1959, but at no time after
September 14th did Dr. Connors have
useful vision in that eye. He continued
under the care of Dr. Ruedemann in the
hope that vision might be restored, but
no improvement in vision resulted and a
cataract formed. On December 20, 1961
Dr. Ruedemann informed plaintiff that
the loss of his eyesight was irrecoverable
in which conclusion plaintiff concurred.
Within 10 days thereafter Dr. Connors
gave written notice of his claim to the
defendant. This was the first notice it
received.

The pertinent provisions of the policy
were as follows:

"If injury shall result in any one
of the following specific losses with-
in 180 days following the date of
accident, the company will pay the
amount set opposite the loss. * * "

\*   \*   \*   \*   \*   \*

" * * * Loss of sight of an eye shall mean the entire and irrecoverable loss of the sight thereof."

\* \* \* \* \* \*

"Notice of Claim: Written notice of claim must be given to the Company within 20 days after the occurrence or commencement of any loss covered by the Policy, or as soon thereafter as is reasonably possible. \* \* \*"

The defendant moved for a directed verdict on two grounds, namely, (1) the entire and irrecoverable loss of the sight of his eye did not occur within 180 days following the date of the accident and (2) if it did, then plaintiff did not give notice within 20 days thereafter and is, therefore, barred from recovery under the policy conditions. The District Court denied the motion and submitted the factual issues to the jury under proper instructions which are not questioned here. The only question raised in this appeal is the propriety of the action of the District Court in denying the motion for a directed verdict.

■ In considering such a motion, the District Judge was required to consider the evidence, as well as inferences deducible therefrom, in the most favorable light to plaintiff.

Plaintiff testified that when he awoke on the morning of September 12, 1959 the vision of his right eye was impaired as if a curtain was drawn over part of of it. Two days later the condition was diagnosed as a detached retina. Plaintiff had no useful vision in the eye then or at any time since. He did continue, however, under the treatment of his doctor in the hope that he might regain his eyesight. Dr. Ruedemann testified that the prognosis was that 60% of the cases result in recovery and 40% in failure. Dr. Ruedemann thought there was some slight improvement in Dr. Connor's eye following the operation but did not reach the conclusion that the loss of his eyesight was entire and irrecoverable until December 20, 1961.

Defendant argues that plaintiff is caught on the horns of a dilemma. If the loss of his eyesight did not in fact become entire and irrecoverable until 1961 then he may not recover because this was beyond the 180 day period. If the loss of his eyesight was entire and irrecoverable within the 180 day period, the notice of claim was filed too late. We do not follow this reasoning.

■ The jury could find from the evidence that the useful vision of his right eye was lost on September 19, 1959 (within the 180 day period) and at no time since has it been restored. True, both plaintiff and his attending physician had hopes, and not without reason, that plaintiff might be within the fortunate 60% of cases which result in recoveries, but it turned out they were both wrong and their hopes were never realized. The loss was actually entire and irrecoverable within the 180 day period, but neither knew it at that time. In our opinion, the District Court was correct in submitting the factual issue to the jury. We think it would have been error for him not to do so.

The policy provision with respect to notice did not require that notice be given, at all hazards, within 20 days after the expiration of the 180 day period. It provided that the notice be given "within 20 days after the occurrence or commencement of any loss * * * or as soon thereafter as is reasonably possible." (Italics ours.) Plaintiff could not very well give notice that his loss was entire and irrecoverable before he had knowledge of that fact. There was evidence that he did not acquire such knowledge until he was given the bad news by Dr. Ruedemann on December 20, 1961. The trial judge submitted this factual issue to the jury. He instructed the jury that plaintiff could not recover unless the jury found that he gave written notice of claim within 20 days after he knew or should have known, as a reasonably prudent physician of his training and experience, that the loss of his eyesight was entire and irrecoverable.

In our judgment, the court would not have been justified in withdrawing this issue from the jury. Cf. Rogers v. Great Northern Life Insurance Co., 284 Mich. 660, 279 N.W. 906; Phillips v. United States Benevolent Society, 120 Mich. 142, 147, 79 N.W. 1.

The judgment is affirmed.