The Chicago and Alton Railroad Company

*v.*

Sebastian Fietsam, Admr.

*Filed at Mt. Vernon January 20, 1888.*

1. Negligence—*due care required of the plaintiff.* In an action by an administrator to recover damages for the death of his intestate through negligence of the defendant, the plaintiff can not recover, unless, at the time of the accident, the deceased was in the exercise of due care for his own safety. If the deceased was guilty of negligence which materially contributed to the injury, no recovery can be had.

2. Same—*an instruction on the question of due care, construed.* In such case the court instructed the jury, that if they believed, from the evidence, that G. was killed in the manner stated in the declaration, through the fault of the defendant's employes in negligently leaving a switch open, and was exercising due care himself at the time, or if the jury believed, from the evidence, that G. was guilty of slight negligence contributing to his death and that the employes of the defendant were guilty of gross negligence contributing to the death of G., but that the negligence of G. was slight and that of defendant's employes gross, when compared with each other, the plaintiff was entitled to recover, and the verdict should be accordingly: *Held,* that the instruction would not bear the construction that

the plaintiff might recover although the deceased was guilty of negligence materially contributing to the injury, but that the second ground of recovery must be understood as being, like the first ground, predicated upon the fact that the deceased was in the exercise of due care for his own safety.

3. Instruction—*modification of a correct instruction, which does not change its meaning.* In an action by the personal representative of a deceased person, against a railway company, to recover for the death of the deceased, alleged to have been the result of the defendant's negligence, the defendant asked this instruction: "If the jury believe, from the evidence, that the deceased, G., was guilty of more than slight negligence, then the jury will find for the defendant," to which the court added, "if the jury believe, from the evidence, he was guilty of negligence:" *Held,* that while the instruction as asked stated a correct proposition of law, there was no error in the modification, it in no manner changing the meaning of the instruction.

4. Practice—*offer to prove certain facts—statement of what the party expects to prove by a witness on the stand.* The practice is well settled, that a party has a right, when he has a witness on the stand, to offer to prove such facts as may be thought to be material to the case, and if the court rules it to be incompetent, the offered evidence may be preserved in a bill of exceptions and the ruling may be reviewed, and there is no error in counsel stating to the court the facts he expects to prove by the witness.

5. Same—*excluding evidence improperly admitted—as curing the error.* On the trial of a case, one of the plaintiff's witnesses testified to a material fact, and on cross-examination was asked how he knew such fact, and answered, "because they told us so." On the defendant's request, the court excluded the witness' answer: *Held,* that there was no error in the admission of improper evidence, it being excluded.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding.

Mr. Luke H. Hite, and Messrs. Brown & Kirby, for the appellant:

Error in admitting improper evidence is not cured by its subsequent exclusion by an instruction. *Peck* v. *Cooper*, 13 Bradw. 27.

Counsel for appellee made improper remarks of what he proposed to prove by a witness, in the presence of the jury.

The court erred in giving appellee's first instruction—

*First*—It presents only a partial view of the case, and takes from the consideration of the jury a main feature of the case insisted upon by appellant, which is, that Guess came to his death through one of the ordinary perils or hazards of his employment.

*Second*—It fails to submit, and, on the contrary, wholly ignores, the contention of appellant that Guess and the servants of appellant stood in the relation which was practically, in law, so far as their rights are concerned, of fellow-servants.

*Third*—It assumes that appellant's servants negligently left the switch open, whereas, even if it should be found that they did, in fact, leave it open, it does not follow, as a matter of law, that such conduct was negligent.

*Fourth*—It permits a recovery even if Levi Guess was not at the time in the exercise of due care. The first clause of the instruction predicates and declares the right of recovery, "if they believe, from the evidence, that Guess was killed in the manner stated in the declaration, through the fault of the defendant's employes in negligently leaving the switch open, and was exercising due care at the time;" then follows the disjunctive conjunction "or," and another ground of recovery is stated, which is exclusive and independent of the conditions theretofore hypothecated, the effect of which is to tell the jury that appellee might recover independent of the consideration of his exercising due care and caution for his own safety. *Railroad Co.* v. *Johnson*, 103 Ill. 512.

In such cases the jury must be accurately instructed. It is not sufficient that other instructions were given which stated the law correctly. *Railroad Co.* v *Van Patten*, 64 Ill. 510; *Railroad Co.* v. *Murray*, 62 id. 326.

The court erred in refusing to give appellant's instructions. A party injured for the want of ordinary care on his part, which is gross negligence, can not recover. *Railroad Co.* v.

*Johnson,* 113 Ill. 512; *Railroad Co.* v. *Van Patten,* 64 id. 510; *Railroad Co.* v. *Lee,* 68 id. 576.

Due care and ordinary care mean the same thing. *Schmidt* v. *Sinnott,* 103 Ill. 160.

Mr. M. MILLARD, for the appellee:

The authority cited as to the admission of improper evidence does not hold that it is not competent for the court to strike out an improper answer of a witness, and thus keep error out of the record. It is submitted, therefore, that a casual remark addressed to the judge, which conceded the testimony was incompetent at the pending trial, and only claimed that the ruling might be changed, is too trivial for serious consideration.

The instruction complained of is not open to the four objections made to it. It assumes nothing as a fact. Under the testimony, there are two theories upon which a right to recover may be based. One is, if the defendant's servants were guilty of the negligence charged, and Guess used due care; and the other, if that negligence was gross and Guess' was only slight. The instruction presented both aspects, because the testimony supported both theories, and there was no ground for objection.

The fourth point made is, that the court erred in refusing two of appellant's instructions, though they were properly modified and then given. It was proper to tell the jury, perhaps, in the absence of an instruction presenting the point, that slight negligence would prevent a recovery; but to add that they must first believe there was such negligence, was so unimportant that its omission or commission would be a matter of no consequence whatever.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court, affirming a judgment of the City Court of East St. Louis, wherein appellee, administrator of the estate of Levi Guess,

deceased, recovered a judgment against the Chicago and Alton Railroad Company for negligence resulting in the death of the intestate, Levi Guess.

The first error relied upon is, the court erred in admitting improper evidence for the plaintiff. A witness for the plaintiff had testified that a Chicago and Alton engine and crew went into the stock-yards switch at East St. Louis and left the switch open, which resulted in the injury complained of. On cross-examination, the witness was asked how he knew the switch was left open. He replied, "Because they told us so." It is sufficient to say of this evidence, that the court, on the request of defendant, excluded the answer of the witness to the question from the jury, so that the evidence was not before the jury for their consideration.

It is also complained, that counsel for plaintiff made improper remarks in the presence of the jury. The improper remarks consisted of an offer made by plaintiff to prove certain facts, which the court, upon the offer being made, held was incompetent. We perceive no error in this. The practice is well settled, that a party has a right, when he has a witness on the stand, to offer to prove such facts as may be thought to be material to the case, and if the court rules that the evidence is incompetent, the offered evidence may be incorporated into a bill of exceptions, and the ruling may thus be reviewed on appeal or writ of error.

One instruction was given in behalf of the plaintiff, and that is claimed to be erroneous. It is as follows:

"The jury are instructed, that if they believe, from the evidence, that Levi Guess was killed in the manner stated in the declaration, through the fault of the defendant's employes in negligently leaving the switch open, and was exercising due care himself at the time, or if the jury believe, from the testimony, that the said Levi Guess was guilty of slight negligence contributing to his death, and that the employes of the defendant were guilty of gross negligence contributing to the

death of the said Levi Guess, but that the negligence of the said Guess was slight and that of defendant's employes was gross, when compared with each other, the plaintiff is entitled to recover, and the verdict should be accordingly."

The law is well settled that the plaintiff could not recover unless, at the time of the accident, the deceased was in the exercise of due care for his own safety, and if the instruction was calculated to convey the idea to the jury that plaintiff might recover although deceased was guilty of negligence which materially contributed to the injury, it could not be sustained. But we do not think the language used will bear that construction. It will be observed that the term "due care" is incorporated in the first part of the instruction as one of the requirements upon which a recovery might be had, and we think the second ground named in the instruction, upon which a recovery might be had, must be understood as also being predicated upon the fact that the deceased was in the exercise of due care for his personal safety, otherwise the instruction would be bad.

But if there was any probability of the jury being misled by the instruction of plaintiff upon this question, the instructions of defendant were so clear and pointed that no ordinary juror could fail to understand the law. As an example, in No. 2 the jury were directed, that "before the plaintiff can recover, he must prove, by the weight of the evidence, first, that the defendant's servants left the switch open; and second, that the deceased, Levi Guess, approached that switch with due care and caution. If the jury believe, from the evidence, that the defendant's servants left the switch open, yet if they further believe, from the evidence, that the deceased, Levi Guess, approached that switch with his train in a careless and imprudent manner, and did not exercise due care and caution, then the jury will find for the defendant." And in No. 10 they were told, that although they might find that defendant's servants left the switch open, yet if they further found that the

deceased, in approaching the switch with his train, by exercising ordinary care, might have discovered that the switch was open, and thus avoided the consequences of defendant's negligence, then it was his duty to do so, and if he failed in this respect, the jury will find for defendant. These instructions are plain, and the fact that no recovery could be had unless the deceased exercised ordinary care and caution, is brought out so prominently that we can not conceive how the jury could be misled, conceding that the instruction complained of is not as clear and as well guarded as it ought to have been.

It is also claimed that the court erred in refusing instructions Nos. 5 and 6, and in modifying the same. As to No. 5, its substance was embraced in Nos. 2 and 10, which were given to the jury. No. 6 was as follows:

"If the jury believe, from the evidence, that the deceased, Levi Guess, was guilty of more than slight negligence, then the jury will find for the defendant."

To this the court added, "if the jury believe, from the evidence, he was guilty of negligence." We think the instruction, as prepared, announced a correct proposition, but, at the same time, we perceive no objection to the modification. It in no manner changed the meaning of the instruction, but called the attention of the jury to the fact that the evidence must determine whether deceased was negligent or not.

This disposes of all questions of law raised in the argument, and as we perceive no substantial error, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*