THE CITY OF CHICAGO

*v.*

JOHANNA LESETH.

*Filed at Ottawa October 31, 1892.*

1. PRACTICE—*improper remarks of counsel—when grounds of reversal.* On the examination of one of the defendant's witnesses in an action against a city to recover for a personal injury resulting from a defective sidewalk, plaintiff's counsel said, "There are other accidents, I am told, that happened there." On objection the court remarked, "That is not right to state to the jury," and plaintiff's counsel replied, "I stated that to the court, not the jury." Thereupon the court said, "It is highly improper to state anything about it." No instruction was asked in regard to the remarks: *Held*, no sufficient ground for a reversal of a judgment for the plaintiff.

2. It is only when counsel persists in attempting to mislead and prejudice the jury by unprofessional conduct, and when the court has refused to interfere, or when the court of review can see that, notwithstanding the efforts of the presiding judge to remove the prejudicial effect of such misconduct, an injury may result to the other party, that a judgment will be reversed on that ground, alone.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. JACOB J. KERN, City Attorney, and Mr. E. S. BOTTOM, for the appellant.

Messrs. STORY, WESTOVER & STORY, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellee brought her action in the circuit court of Cook county, against appellant, to recover for a physical injury alleged to have been received by her through the failure of appellant to keep one of its sidewalks in proper repair. The jury returned a verdict in her favor for $20,000. On a motion for a new trial the court required her to enter a remittitur for $5000, which being done, the motion for a new trial was overruled, and judgment rendered for $15,000, and costs of suit. The Appellate Court having affirmed that judgment the city prosecutes this appeal.

The substantial controversy in the Appellate Court was as to whether the evidence sustained the verdict, and as to whether the damages were excessive. Notwithstanding counsel for appellant admit that these questions are conclusively settled by the judgment of the Appellate Court, they re-argue the evidence at length, for the purpose as said, of showing the effect which improper remarks of counsel for appellee may have had upon the jury.

During the examination of one of defendant's witnesses, counsel for plaintiff said: "There are other accidents, I am told, that happened there." Counsel for defendant objected to the statement, and thereupon the court remarked, "That is not right to state to the jury." Counsel for plaintiff replied, "I stated that to the court, not the jury." Thereupon the court again stated, "It is highly improper to state anything about it." These are the statements of counsel for plaintiff which, it is insisted, so prejudiced the minds of the jury against the defendant that their verdict should have been set aside, and a new trial granted. There is no force in the position. We will not presume that the jury would, after what passed before it, regard the statement for a moment, much less be prejudiced against the defendant by it. While it is of the first

importance that counsel should avoid bringing to the attention of the jury matters not properly in the case, and courts should carefully guard the rights of parties against any such improper conduct, yet if the practice of setting aside verdicts for every impropriety of that kind should be adopted, notwithstanding the prompt and decisive action of the court in informing the jury to disregard it, there would be no end to trials. It is but natural that attorneys, however cautious and fair they may endeavor to be, should at times make improper remarks in the presence of the jury; but it is well known that in such cases all injurious effects can generally be avoided by the court correcting it at once, or by instructions. It is only where counsel persist in attempting to mislead and prejudice the jury by unprofessional conduct, and where the court has refused to interfere, or where a court of review can see that, notwithstanding the efforts of the judge presiding at the trial to remove the prejudical effects of misconduct, an injury may have resulted to the other party, that a judgment will be reversed on that ground, alone. There is nothing of that kind in this record. Counsel for plaintiff below did not seem to regard the objectionable remark of sufficient importance, at the time it was made, to ask the court to do more than was done to withdraw it from the attention of the jury, nor to ask the court to give an instruction directing it to disregard it in making the verdict.

The only objection made to the instructions given is, that in giving the jury the measure of damages in case it found for the plaintiff, the language used was not strictly accurate. There is so little force in the objection that it admits of no discussion. We think the instructions free from objection. The judgment in this case is unusually large, but, as has been already stated, that was a question for the Appellate Court, and not for this.

There being no error of law in the record, the judgment of the Appellate Court is final, and must be affirmed.

*Judgment affirmed.*