GILBERT *v.* MICHIGAN CENTRAL RAILROAD CO.

TRIAL — HOSTILE WITNESS — LEADING QUESTIONS — CONDUCT OF
COUNSEL.

> The court may in its discretion permit counsel, in the examina-
> tion of a hostile witness called by him, to put leading ques-
> tions with reference to his testimony upon a previous occasion,
> and to state the grounds upon which he relies as justifying
> such course; care being taken to check promptly any appar-
> ent effort to make the statement the means of bringing in-
> admissible matter to the attention of the jury.

Error to Bay; Maxwell, J.    Submitted April 5, 1898.
Decided April 19, 1898.

Case by Frederick L. Gilbert and Isabella I. Webster
against the Michigan Central Railroad Company for neg-
ligently setting fire to plaintiffs' land.    From a judgment
for plaintiffs, defendant brings error.    Affirmed.

*E. A. Cooley*, for appellant.

*T. E. Webster* (*John E. Simonson*, of counsel), for
appellees.

HOOKER, J.   In the circuit court the plaintiffs recovered
a verdict and judgment in an action brought to recover
damages for an injury to land alleged to have been suf-
fered through the negligent setting of fire by the defend-
ant's section men.    The defendant has removed the cause
to this court by writ of error.

The plaintiffs called as a witness the section foreman
who had in charge that portion of the defendant's railroad
upon which it is claimed that the fire which caused the in-
jury was set, and he gave testimony concerning the burn-
ing of rubbish under his direction about the time that plain-
tiffs' property was burned.    He was examined at length by

counsel for the defendant, as well as by counsel for the plaintiffs, in relation to the setting of fires, and testified that he saw the fire which did the injury when it started, a short distance from defendant's right of way, at a time after the extinguishment of all fires set by the defendant's employés.   On redirect examination the following occurred:

"I cannot say what time of day it was I set the fire on the 22d of July,—whether it was forenoon or afternoon. There were no ties burned at that time.

"*Q*. Let me call your attention to your testimony before in relation to the burning of ties.   Did you not testify that there might have been one or two piles of ties that burned?   (Objected to as incompetent, immaterial, and he cannot cross-examine his own witness.   Objection overruled, and exception duly taken.)

"*A*. I couldn't say whether there were any piles of ties burned along the Rudel land and the Hirschmann land.   I might have said it.

"*Q*. Are you still in the employ of the defendant in this case?   (Objected to as incompetent and immaterial.   Objection overruled, and exception taken.)

"*A*. Yes, sir.   At the time we burned our grass and rubbish, any fire we saw out there we dug out.   At that time no fire got outside the right of way.   We dug out any fire that we saw running through the fence or up to the fence."

One Frank was called as a witness for the plaintiffs. He testified that upon July 28th he saw the section men set fire to some cocks of hay, and that on the 31st of July he saw the muck burning, and that no one was looking after it.   He also testified to the action of the fire of August 2d, when the injury was done to the plaintiffs' property.   In the course of the direct examination of this witness the following dialogue occurred:

"*Q*. State whether or not you were where you could see the right of way.   (Objected to as leading.   Objection overruled, and exception duly taken.)

"*A*. Yes, sir; I was in plain view of the right of way.

"*Q*. Whom did you see, if any one, in the employ of the railroad company, looking after the fire that was burning

on the right of way, or that had been set by them in the right of way, between the 28th of July and the 2d day of August? (Objected to, that there is no evidence that there was any fire burning at that time set by the railroad men.)

"*The Court:* If he did, he can state it. · On the former trial, the foreman, Brown, testified that they whipped it out and went away.

"*Mr. Webster:* Mr. Brown's evidence is a little different on this trial from what it was on the other. Now he says he did not set any fire.

"*Mr Cooley ·* I object to the statement of counsel, and ask that it be stricken out.

'*The Court:* The jury will be instructed not to consider it.

"*Mr Cooley:* Instructions don't do much good afterwards.

"*The Court:·* It will have to be. The question is leading.

"*Mr. Cooley:* I take exception to the refusal of the court to strike the remark of counsel out."

The witness Brown being recalled, upon his examination by counsel for the plaintiffs the following occurred:

"*Q.* I understand you to have testified yesterday that you set no fires opposite the Rudel land or the Hirschmann land. Is that true?

"*A.* I burned the grass that was along there.

"*Q.* In 1894 you did burn the stuff that was along the Rudel land?

"*A.* I did. About the 22d or 23d of July, as near as I can remember, I set fire on the right of way opposite the· Rudel land. I commenced at the south end of the section about the 21st or 22d, and kept burning it, and it took about three days to burn it. The section extends about five miles.

"*Q.* Do you remember when this big fire was that broke out and spread over the land?

"*Mr. Cooley:* That has been gone through with. What is the object of this?

"*Mr. Van Kleeck:* In the other trial his testimony was somewhat different as to the setting of the fire along the Rudel land, and seeing the fire cross the Rudel land onto the Hirschmann land.

"*Mr. Cooley:* This is their witness, and they have no right to cross-examine, and it is neither fair nor proper for counsel to refer here to what occurred in some other trial, because they would not be permitted to show it, and I take exception to counsel making any such statement in the presence of the jury.

"*Mr. Van Kleeck:* If this witness has not testified as he did two or three weeks ago, and as we expected he would, and if we have been surprised by that, and if he is a witness that is opposed to us, which is true, we have a right to pursue his examination by leading questions, by calling his attention to what was said before and the testimony given on the former trial.

"*Mr. Cooley:* I take exception to the remarks.

"*Mr. Webster:* It was necessary for us to call him, and we called him to show that he had the authority from the railroad company to set those fires, and that it was his duty to set them, and we called him for that purpose and no other. He is a witness in the employ of the Michigan Central Railroad Company, and was at that time, and the only one we could rely on to prove the authority. In his former testimony he claimed he set the fires. In his testimony yesterday—

"*Mr. Cooley:* I take exception.

"*Mr. Webster:* He said he did not set the fires along there. This morning he says he did set the fires. That was the object of re-examining him.

"*Mr. Cooley:* I take exception to the remarks of counsel."

One Michael Summerfield was called to prove the value of, and injury to, the land, and it is alleged that he did not show himself competent to testify.

We are of the opinion that there is nothing in the foregoing questions that would justify a reversal of the judgment. It was competent for the plaintiffs to call Brown as a witness, and it was within the discretion of the court to permit his recollection to be refreshed; and, within proper bounds, counsel might state the grounds upon which they relied as justification for the questions to which opposing counsel objected. Care should be used in such statements, and the circuit judge should promptly check any apparent effort to make them the opportunity

for the assertion of matters which are inadmissible. We must, however, depend upon the circuit judges to correct the less important matters of this kind, which we must assume that they will do, where brought to their attention by proper request.

A question is raised over the introduction of evidence of injury to a road which was wholly or in part upon the plaintiffs' premises; but, as the record shows that no damages were awarded for this, it is unnecessary to consider it.

The judgment is affirmed.

The other Justices concurred.