HANSEN, Respondent, v. BOOTS, Appellant.

(168 N. W. 798).

(File No. 4225.   Opinion filed September 3, 1918.   Rehearing denied November 4, 1918.)

1.  Trials—Review—Misconduct of Counsel—Personal Assault, Recovery of Damages—Persistent Irrelevant Cross-examination of Defendant Re Abuse of Plaintiff Tenant, Incompetency of—Prejudice—Counsel's Explanatory Statement, as Evidence of Intent to Unduly Impress Jury.

Defendant, in a suit for damages resulting from injury through personal assault upon plaintiff by pistol shot, plaintiff being defendant's land tenant, was persistently and repeatedly cross-examined by plaintiff's counsel by being interrogated as

to whether he had not, while plaintiff was in possession of his farm as tenant, broken plaintiff's leg, then took steps to get him off the farm, assaulted him while sick in bed and, as to whether, while so in bed and while defendant was in attitude of putting him out of the house, he, plaintiff did not draw a shot gun from behind the bed and told defendant to get out, and as to whether defendant had not had trouble with other tenants "down there;" all of said questions, save the one inquiring whether defendant did not assault plaintiff while sick in bed, having been sustained, said one question having been overruled. **Held,** that none of the facts—if facts—so inquired for were competent for any purpose under the issue; with which rules of evidence plaintiff's counsel, a lawyer of year's experience, is presumed to have been familiar; that the evident purpose of asking these questions was to get before the jury matters immaterial and collateral to the issues; which course of conduct is in law misconduct; nor is the contention that defendant was not thereby prejudiced, tenable. **Held, further,** that the verdict below was influenced by such line of cross-examination; each succeeding question having assumed the proceeding one had been answered favorably to plaintiff, thus probably giving jury the impression that the facts assumed actually existed, and that the reason why defendant objected thereto was that he was trying to keep such facts from the jury; the intent to leave such impression being apparent from said cross-examination, and from counsel's declaration that "this is something he [defendant] did himself, it is not something that he heard of someone else doing, * * * to show his disposition, his character, and that at this time he did make an assault;" which statement could hardly help producing prejudice of jury against defendant, especially if any jurors had respect for counsel's word.

2.   **Trials—Misconduct of Counsel—Probable Influence of Jury, Effect, Re Granting New Trial.**

It is not every mis-statement or act of misconduct upon the part of counsel during the trial, that will warrant granting a new trial; but a verdict should be set aside where it was probably influenced by such conduct.

3.   **Appeals—Error—Misconduct of Counsel—New Trial, Abuse of Discretion—Rule.**

While it is the general rule that, whether the conduct of counsel was such as to warrant granting new trial, is a matter of judicial discretion with trial court, and that, that court having refused a new trial, Supreme Court should not interfere, yet, where it is apparent that trial court's discretion has been abused, Supreme Court should not hesitate to interfere.

4. **Appeals—Error—Damages for Personal Assault, Recovery— Misconduct of Counsel—Persistent Irrelevant Cross-examination of Defendant to Impress Jury—Trial Judge's Duty to Reprimand Counsel, Admonish to Desist—Impliedly Allowing Counsel to Proceed, Effect.**

Where, in a suit for damages for personal assault, plaintiff's counsel persistently cross-examined defendant upon matters irrelevant to the issue with the evident intent of influencing jury to plaintiff's prejudice, held, that such counsel was not the sole offender; it was the duty of trial judge to reprimand him, even without objection from opposing counsel, for repetition of the same question after it was held immaterial, and even more so to reprimand counsel, or adopt other means within its power to prevent him from pursuing such a line of questioning; and, no reprimand having been administered, if indeed trial judge did not encourage counsel in doing what he did, and, in ruling upon defendant's objection to a question, having stated: "Probably you had better be a little more careful because whatever is done will have to be all undone if you step over the line"—in effect, telling counsel he might proceed, so far as he pleased, if willing to take his chances on what Supreme Court might do on appeal; that it was trial judge's duty to have admonished counsel to desist and, if necessary, to have enforced the admonition.

5. **Trials—Misconduct of Counsel—Persistent Irrelevant Cross-examination of Defendant, Assault Case, Under Adverse Rulings, as Evidence of Defying Court and Counsel—Prejudice.**

Where the record, in a suit for damages for personal assault, showed that defendant's counsel persistently pursued a line if irrelevant interrogation over objection of opposing counsel and the adverse court rulings, the conclusion is irresistable that such was not due to error of judgment, but was done pursuant to a determination to present matters involved in the interrogations to the jury, in spite of court and counsel, which conduct should neither be tolerated or excused by trial court; and no litigant should be permitted to profit thereby.

6. **Appeals—Error—Excessive Verdict, as Evidence of Undue Influence of Jury Through Misconduct of Counsel.**

Where the amount of the verdict is so out of proportion to the injury inflicted upon defendant by plaintiff in a suit for damages for personal assault, that the conclusion that jury was materially influenced by immaterial matter so injected into the case, is irresistable, for that reason alone, judgment should be reversed.

Appeal from Circuit Court, Beadle County. HON. ALVA E. TAYLOR, Judge.

Action by John C. Hansen, against John H. Boots, to recover damages for personal assault. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Gardner & Churchill,* and *O. S. Hagen,* for Appellant.

*B. B. McClaskey,* and *A. W. Wilmarth,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Sec. 255, Code Civ. Proc.; Lindsay v. Pettigrew, 3 S. D. 199; Daudel v. Wolf, 30 S. D. 409 (418); Shields v. Rowland (Ky.) 151 S. W. 408; Cleveland Ry. Co. v. Pritschau (O.) 69 N. E. 663, 100 Am. St. R. 682; Raefeldt v. Koenig (Wis.) 140 N. W. 56; Louisville v. Payne (Ky.) 118 S. W. 352; Barton v. Bruley (Wis.) 96 N. W. 815; Atherton v. Defreeze (Mich.) 88 N. W. 886; State v. LaMont, 23 S. D. 174; People v. Wells (Cal.) 34 Pac. 1078; Hood v. Ry. Co. (Ia.) N. W. 261.

Respondent cited:

Note to Cleveland and Plainsville and Eastern Ry. Co. v. Pritschau, 69 Oh. St. 438, 100 Am. St. Rpts. 689; Sears v. Seattle Consolidated R. R. Co., (Wash.) 33 Pac. 389; Nothenbeck v. Mo. Pac. Ry. Co., 38 S. W. 723; Provost v. Brueck, 67 N. W. Rep. 114; People v. Gordon, (Cal.) 37 Pac. 534; City of Chicago v. Leseth, 32 N. E. 428.

POLLEY, J. Plaintiff, claiming to have been injured by a pistol shot fired by defendant, brought this action against defendant for the recovery of damages alleged to have resulted from such injury. Verdict and judgment were for plaintiff, and defendant appeals.

Appellant assigns a number of errors of law committed by the trial court; but, for a reversal of the judgment, he relies mainly upon alleged misconduct of respondent's counsel during the trial. The encounter that resulted in the shooting occurred on a farm owned by appellant. Respondent had had a lease of said farm and was still living thereon. Appellant was anxious to have respondent vacate said farm in order to make room for another tenant. The testimony of appellant and respondent relative to just what occurred at the time of the shooting is very conflicting.

While appellant was on the witness stand in his own behalf, respondent's counsel, presumably for the purpose of showing that it was appellant's habit to mistreat his tenants, asked the following series of questions, that appellant now claims constitute such mis-

conduct as to warrant a reversal of the judgment (the subject of the inquiry was a man by the name of Kirk):

"Q. He had his leg broke while he was on the place didn't he? (Objected to as immaterial and not proper cross-examination. Objection sustained by the court.)   Q. And, after he had his leg broke and couldn't work any longer, you took steps at once to get him off, didn't you? (Objected to as immaterial and not proper cross-examination, and counsel for defendant requested the court to instruct counsel for plaintiff to discontinue this line of examination. Sustained.)   Q. While he was sick in bed, you went down there and assaulted him while he was sick in bed and put him out of the house? (This was objected to as not proper cross-examination and immaterial; that it called for the opinion and conclusion of the witness; that there was no evidence in the record of any such transaction; and that none of such matters had been communicated to the plaintiff or known by him at the time of the alleged assault. Overruled.)   A. No, sir.   Q. And while he was upon the bed and you were in the attitude of putting him out of the house, didn't he draw a shotgun from behind the bed and tell you to get out, or in substance that? (Same objection. Sustained.)   Q. You did force him out of the place at that time, while his leg was broken, didn't you? (Same objection; same ruling.)   Q. Then you had trouble with other tenants down there, didn't you? (Same objection; same ruling.)   Q. Mr. Boots, this man Fred Kirk you had hired for a year when he first went down there, had you not? (Same objection; same ruling.)   Q. I wish to ask him relative to this assault he made; this is something he did himself; it is not something that he heard of anybody else doing; something he did himself, to show his disposition, his character, and that at this time he did make an assault— (Interrupted by objection of counsel for appellant.)   Q. While he was lying on the couch with the broken leg, at your solicitation and in your presence didn't your wife strike him twice?"

[1] There is considerable more along this same line, but the foregoing is sufficient to show the nature of the course pursued by respondent's counsel throughout the cross-examination of defendant. None of these facts—if they are facts—were competent for any purpose in this case. With these rules of evidence, respondent's counsel, with his many years of experience as a practitioner,

is presumed to have been familiar. Therefore it necessarily follows that counsel's purpose in asking these questions was to get before the jury matters that were immaterial and wholly collateral to any of the issues in the case. This course of conduct pursued in the trial of a case is generally held to be misconduct; nor does counsel seriously question the impropriety of his conduct, but contends that appellant was not prejudiced thereby and that said conduct does not warrant a reversal of the judgment.

[2] It is not every misstatement or act of misconduct on the part of counsel during the trial of a case that will warrant the granting of a new trial. Gilbert et al. v. Michigan Cent. R. Co., 116 Mich. 610, 74 N. W. 1010; Chicago & A. R. Co. v. Fietsam, 123 Ill. 518, 15 N. E. 169. But these cases recognize the fact that a verdict should be set aside where such verdict was probably influenced by such conduct. City of Chicago v. Leseth, 142 Ill. 642, 32 N. E. 428.

In this case we believe the verdict was influenced by the line of cross-examination pursued by counsel for respondent. It will be noted that each succeeding question assumes that the preceding question had been answered, and answered favorably to plaintiff. The probable result of putting these questions in this manner was to give the jury the impression that the facts assumed actually existed, and that the reason why appellant objected to such questions being answered was that he was trying to keep such facts from the jury. That counsel for respondent was trying to leave this impression with the jury is apparent, not only from the manner of putting the questions, but from the unqualified declaration made by counsel, to-wit:

"I wish to ask him relative to this assault he made; this is something he did himself; it is not something that he heard of anybody else doing; something he did himself, to show his disposition, his character, and that at this time he did make an assault."

Such a statement as this could hardly help producing a prejudice in the minds of the jury against the appellant, and especially so if any of the individual jurors had any respect for counsel's word.

[3] It is further alleged by respondent that whether the conduct of counsel was such as to warrant the granting of a new trial was a matter of judicial discretion with the trial court, and that,

that court having refused to grant a new trial, this court should not interfere. Of course, this is the general rule; but, where it is apparent that the trial court's discretion has been abused, this court should not hesitate to interfere. Lindsay v. Pettigrew, 3 S. D. 199, 52 N. W. 873, and in State v. Kaufmann, 22 S. D. 433, 118 N. W. 337, this court, quoting, in part, from Lindsay v. Pettigrew, said:

" 'We recognize the rule that the conduct of the trial and the line of argument counsel are permitted to pursue rests largely in the discretion of the trial court; that the granting or refusing of a new trial for irregularities of parties or attorneys, or the misconduct of the attorney in his argument, rests largely in the discretion of such court. We further recognize the fact that this court will not reverse the decision of the court below on a motion for a new trial, where, as in this case, the facts are fully within the knowledge of the court, except in a case where this discretion is plainly misused.' But this is such a case. To sustain this conviction, upon the record before us, would mean the approval of methods of procedure inevitably subversive of the most sacred constitutional rights; it would encourage—where no encouragement is needed—disregard of universally recognized professional obligations, and ultimately render the administration of justice in this jurisdiction a disgrace to American civilization."

And in Daudel v. Wolf, 30 S. D. 409, 138 N. W. 814, this court said:

"For counsel to persistently, over and over again, propound the same question to a witness that has already been once or more times fairly answered, is such misconduct that the trial court should reprimand, even without objection from opposing counsel. It is certainly much more flagrant misconduct after an objection has been made thereto and sustained by the court, and especially so when the court has clearly stated to counsel that the question should not again be repeated because it was immaterial."

[4] But counsel for respondent was not the sole offender in this case. If it is the duty of a trial judge to reprimand counsel, even without objection from opposing counsel, for a repetition of the same question after it has been held to be immaterial, how much more was it the duty of the trial judge in this case to reprimand counsel or to adopt other means within his power to pre-

vent counsel from pursuing a line of questioning when the very
subject of the inquiry was known to him to be immaterial? Yet no
reprimand was administered, if indeed the trial judge did not en-
courage counsel for respondent in doing just what he did do.

In ruling upon appellant's objection to one of the above-quoted
questions, the judge said:

"If that objection is made, probably you had better be a little
more careful, because whatever is done will have to be all undone,
if you step over the line. The objection to the last question is sus-
tained."

In effect, telling counsel that he might go ahead, so far as he
pleased, if he were willing to take his chances on what this court
might do, if the case ever reached here. It was the duty of the
trial judge to have admonished counsel to desist from the course
he was pursuing, and, if necessary, to have seen to it that such
admonition was respected.

[5] It would not be practical, even if profitable, to review the
numerous cases wherein the question involved in this case has been
considered and passed upon by the various courts. What appears
to us to be the correct rule to apply in such cases is tersely stated
by the Court of Appeals of Kentucky in Louisville & N. R. Co. v.
Payne, 133 Ky. 539, 118 S. W. 352, 19 Ann. Cas. 294. It is there
said:

"Where the record shows that an attorney persistently and
dogmatically pursues a line of interrogation over the objection of
opposing counsel and the adverse ruling of the court to the extent
here shown, the conclusion is irresistible that such was not due to
error of judgment, but in pursuance of a determination to present
the matters about which the questions are asked to the jury in
spite of court and counsel. Such conduct should neither be tolerat-
ed nor excused by the trial court, and no litigant should be per-
mitted to profit by such practice."

This rule is fully established by the following cases: Bergman
v. Solomon, 143 Ky. 581, 136 S. W. 1010; Shields' Adm'r v. Row-
land, 151 Ky. 136, 151 S. W. 408; McClendon et al. v. Bank, 188
Mo. App. 417, 174 S. W. 203; Fell v. Kimble (Tex. Civ. App.) 154
S. W. 1070; Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804;
Cleveland Ry. Co. v. Pritschau, 69 Ohio St. 438, 69 N. E. 663, 100
Am. St. Rep. 682; Raefeldt v. Koenig, 152 Wis. 459, 140 N. W.

56; Barton v. Bruley, 119 Wis. 326, 96 N. W. 814; Coan v. Brownstown Twp., 126 Mich. 626, 86 N. W. 130; Phillips v. United States Ben. Soc. of Saginaw, 120 Mich. 142, 79 N. W. 1; Atchison v. McKinnie et al., 233 Ill. 106, 84 N. E. 208.

The amount of the verdict in this case is so out of proportion to the injury inflicted upon respondent by appellant that the conclusion that the jury was materially influenced by the immaterial matter injected into the case by respondent's counsel is irresistible, and, for that reason alone, the judgment should be reversed.

The judgment and order appealed from are reversed.