STATE, Respondent, v. KAUFMAN et al, Appellants.

(195 N. W. 447.)

(File No. 5266.   Opinion filed October 18, 1923.)

1. **Criminal Law—Jury—Verdict—Refusal to Direct Verdict of Not Guilty Not Susceptible of Being Assigned as Error.**

    A refusal to advise the jury to return a verdict of not guilty is not susceptible of being assigned as error.

2. **Criminal Law—Trial—Witnesses—Questions Asked Defendant, to Which Objections Were Sustained, Held Prejudicial.**

    In a prosecution for attempting to steal an automobile, questions asked defendant by the states attorney, whether he had stolen cars out at his farm, and whether he and his bunch were at a stated place on the night the depot was robbed, to which objections were sustained, held prejudicial.

3. **Criminal Law—Prosecuting Attorney—Jury—Remark of States Attorney Held Made to Create Prejudice.**

    The gratuitous remark of the states attorney with respect to one of the defendants' brothers, that "It seems like I have seen him around here since this case started," held to have been made to create prejudice against defendants.

4. **Criminal Law—Evidence—Defendant's Testimony to His Telephone Conversation Inadmissible.**

    In prosecution for attempted theft of automobile, testimony of one of the defendants relating to telephone conversation which he had with his brother, corroborating their testimony that they were looking for the brother's automobile, held inadmissible.

5. **Criminal Law—Evidence—Refusal to Permit Witness to Testify that He Had Telephone Conversation with Defendant Held Not Prejudicial.**

    In prosecution for attempted theft of automobile, in which defendants claimed they were looking for their brother's automobile, refusal to permit the brother to testify that he had a telephone conversation with one of the defendants relative to arrival of witness in a town near where defendants then were, held not prejudicial.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Nick J. Kaufman and William Kaufman were convicted of the crime of attempting to steal an automobile, and they appeal. Judgment affirmed as to Nick J. Kaufman and reversed as to William Kaufman.

*N. B. Bartlett* and *Johnson & Simons,* all of Sioux Falls, for Appellants.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(1)   To point one of the opinion, Respondent cited: State v. Stone, 30 S. D. 23; State v. Guffey, 39 S. D. 84; State v. Wright, 20 N. D. 216; State v. Sullivan (Ida.), 199 Pac. 647; People v. Daniels, 105 Cal. 262.

(2)   To point two, Appellant cited: 22 R. C. L. 104; Bailey v. People, 54 Colo. 337, Ann. Cas. 1914C, 1142; Richey v. People, 23 Colo. 314, 47 Pac. 272; State v. Erwin (Ida.), 71 Pac. 608; People v. Wells, 100 Cal. 459, 34 Pac. 1078; People v. Bowers, 79 Cal. 415, 21 Pac. 752; People v. Mullings, 83 Cal. 138, 23 Pac. 229; Leahy v. State, 31 eb. 566, 48 N. W. 390; Smith v. People (Colo.), 8 Pac. 920; Holder v. State (Ark.), 25 S. W. 279; Griffiths v. Zetlitz (S. D.), 190 N. W. 517; State v. Blydenberg, Ann. Cas. 1914, 443 (Iowa); People v. Geider, 110 Pac. 586; State v. Rhys (Mont.), 105 Pac. 494; State v. Trotter, 36 Mo. App. 29; People v. Cahoon (Mich.), 50 N. W. 384; Gale v. People, 26 Mich. 156; People v. Devine, 95 Cal. 231, 30 Pac. 378; People v. Lee Chuck, 78 Cal. 327, 20 Pac. 719; People v. Ah Len, 92 Cal. 282, 27 A. S. R. 103.

Respondent cited: 16 C. J. 915; State v. Frylinghuysen, 43 Minn. 265, 45 N. W. 432; People v. Shears, 133 Cal. 154, 65 Pac. 295; Rain v. State, 137 Ind. 83, 36 N. E. 532; State v. Abrams, 11 Ore. 169, 8 Pac. 327; Bradshaw v. State, 17 Neb. 147, 22 N. W. 361.

ANDERSON, P. J.   Defendants Nick and William Kaufman are brothers.   By information filed in the circuit court of Minnehaha county they were jointly charged with the crime of attempting to steal a Buick automobile valued at $800, the property of one Andrew Kuehn, intending to deprive the owner thereof.   To this charge defendants interposed pleas of not guilty.   They were tried jointly to a jury which returned a verdict finding defendants guilty as charged.   Pursuant thereto they were sentenced to terms in the penitentiary of this state.   From such sentence and order denying new trial they appeal to this court.

[1]   The first assignment of error is based on the court's

refusal to advise the jury to return a verdict of not guilty. Such refusal is not susceptible of being assigned as error. State v. Stone, 30 S. D. 23, 137 N. W. 606; State v. Guffey, 39 S. D. 84, 163 N. W. 679.

[2] The second assignment predicates error growing out of alleged misconduct of the states attorney in asking William Kaufman this question: "Well, you have stolen cars out there at the farm, haven't you?" To which defendant objected as incompetent, immaterial, irrelevant, not within the issues. By the Court: "Objection allowed." And also that the states attorney asked William Kaufman this question: "You were up to Hartford the night they robbed the depot up there, you and your bunch?" To which defendant objected as incompetent, immaterial, irrelevant, and having nothing to do with the issues, and prejudicial. There is nothing in the record justifying these questions directed to defendant William Kaufman. Doing so, we think, is clearly an invasion of William Kaufman's rights, and prejudicial to him. State v. Lamont, 23 S. D. 174, 120 N. W. 1104.

[3] In assignment 3 it is urged that the court erred in overruling defendant's objection to this question asked witness William Kaufman by the states attorney with respect to his brother Frank: "It seems like I have seen him around here since this case started. Is that Frank?" This was gratuitous on the part of the states attorney, and could have been designed for no purpose save to create prejudice against the defendant William Kaufman.

Assignment 4 predicates error by the court in denying defendants' motion at the conclusion of defendants' case that it advise the jury to return a verdict of not guilty. This is covered by the authorities cited under assignment 1, that the same is not susceptible of being assigned as error.

[4] Assignment 5 was based on the court's action in refusing to permit Nick Kaufman, one of the defendants, to testify that he had a telephone conversation at LeMars, Iowa, in corroboration of defendants' evidence that they were looking for his brother's car, in which conversation it was stated that his brother was to be in Sioux Falls about March 30, 1922; such testimony and objection being as follows: "Q. Did you have any conversa-

tion with him then? A. Yes, sir. (Objected to and sustained.)" We think it is quite clear that this line of testimony was inadmissible, and the objection thereto was properly sustained.

[5.] Assignment 6 was based on the court's refusal to permit defendant to prove by witness Ben Kaufman that he had a telephone conversation with Nick Kaufman relative to being in Sioux Falls about March 30, 1922, such offer being as follows: Let the record show that the defendants offer to prove by the witness Ben Kaufman that a short time prior to said March 30th he had a telephone conversation with Nick Kaufman in which he stated he intended to drive to Sioux Falls and arrive there in the middle of the week, Wednesday or Thursday. This was objected to on the grounds stated in previous objection. Objection was sustained. In this ruling we find no prejudicial error.

Assignment 7 raises the question as to the sufficiency of the evidence to support the verdict in these particulars: (a) There is no evidence upon which the jury could base a verdict of guilty against the defendants, or either of them, on the charge of attempting to steal the automobile described. (b) There is no evidence whatever in the record that either of defendants committed any overt act incidental to the commission of the alleged offense. (c) The only evidence in the record tending to show an overt act had been committed by either of the defendants is contained in the testimony of Plain Clothes Man Tosow that he heard the motor of the car running. As to the defendant William Kaufman, we are inclined to think that this is true. However, as to the defendant Nick Kaufman, we are satisfied that the contention is not true. There is ample evidence in this record showing an attempt and a design on the part of defendant Nick Kaufman to steal the car in question.

We therefore conclude that in the case of Nick Kaufman the judgment and order of the trial court should be affirmed, that in the case of defendant William Kaufman the judgment and order of the trial court should be reversed, and it is so ordered.

Note.—Reported in 195 N. W. 447. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 753(2), 16 C. J. Sec. 2300; (2) Criminal law, Key-No. 722½, 16 C. J. Sec. 2271; (3) Criminal law, Key-No. 723(1), 16 C. J. Sec. 2258; (4) Criminal law, Key-No. 413(1), 16 C. J. Sec. 1341; (5) Criminal law, Key-No. 1170(1), 17 C. J. Sec. 3679.

On reversal of conviction because of unfair or irrelevant argument or statements of facts by prosecuting attorney, see note in 46 L. R. A. 641.

On questions relating to conversations by telephone, see note in 17 L. R. A. 440.