STATE, Respondent, v. RUNYAN, Appellant.

(207 N. W. 482.)

(File No. 6006.   Opinion filed February 16, 1926.)

1. **Intoxicating Liquors — Information — Information Need Not Charge Liquor Was Capable of Being Used as Beverage (Rev Code 1919, Sec. 10237).**

   Information for sale of intoxicating liquor to a person named need not contain words, "capable of being used as beverage," as used in Rev. Code 1919, Sec. 10237; such words referring only to a mixture or compound, and not to charges for sale of intoxicating liquor.

2. **Criminal Law—Trial—District and Prosecuting Attorney—Repeated Improper Questions by State's Attorney Held Prejudicial Misconduct.**

   In prosecution for sale of intoxicating liquor to a person named, repeated examination by state's attorney as to transactions in which accused was shown to have had liquor, but not in any way connected with present charge, and therefore inadmissible, held prejudicial misconduct.

3. **Criminal Law—Trial—Appeal and Error—Attempted Cross-Examination of State's Witness by State's Attorney, to Which Objection Was Sustained, Held Not Prejudicial Error.**

   In prosecution for sale of intoxicating liquor to person named, attempted cross-examination by state's attorney, of state's witness, who was shown to be hostile, to which objection was sustained, held not prejudicial.

4. **Criminal Law—Jury—Objection That One of Jurors Was Not Citizen Unavailing After Conclusion of Trial (Rev. Code 1919, Secs. 4849, 4855).**

   Objection that one of jurors was not a citizen, not discovered until after trial was concluded, held too late, in view of Rev. Code 1919, Secs. 4849, 4855.

5. **Criminal Law—Assignments of Error—Insufficiency of Evidence will Not Be Reviewed, Where Assignment Do Not Specify Particulars (Rev. Code 1919, Sec. 2456).**

   Insufficiency of evidence will not be reviewed, where assignments of error do not specify particulars wherein it was insufficient, in view of Rev. Code 1919, Sec. 2546, and Supreme Court rule 4.

Appeal from Circuit Court, Turner County; Hon. L. L. Fleeger, Judge.

George F. Runyan was convicted of sale of intoxicating liquor to a person named, and he appeals.   Reversed and remanded for new trial.

See, also, 48 S. D. 395, 204 N. W. 1006.

*Johnson & Simons,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney 'General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

(1)   To point one of the opinion, Respondent cited: State v. Elson, 160 O. App. 184; United States v. Jones, 298 Fed. 131; State v. Yokum (La.), 99 So. 621.

(2)   To point two, Appellant cited: State v. Lamont (S. D.), 120 N. W. 1104; State v. Kaufman (S. D.), 195 N. W. 447; State v. Eames (Minn.), 203 N. W. 769.

Respondent cited:   Cooper v. State (Ga.), 77 .S. E. 878; Mitchell v. State (Tex.), 159 S. W. 1073; People v. Hicks (Mich.), 44 N. W. 931.

(3)   To point three, Appellant cited: Lodge v. State (Ala.), 26 So. 210, 82 Am. St. Rep. 23; Bashford v. People, 24 Mich. 244.

Respondent cited:   People v. Lusk (Mich.), 196 N. W. 403; People v. Skeehan, 49 Barb. 217; 'United States v. Hall, 44 Fed. 864.

(4)   To point four, Respondent cited: State v. Ross, 47 S. D. 188; State v. Jackson, 27 Kan. 581, Am. Rep. 424.

(5)   To point five, Respondent cited: State v. Sysinger, 25 S. D. 110; State v. Leavitt, 28 S. D. 218; State ex rel Bly v. Wold (S. D.), 203 N. W. 508.

GATES, P. J.   Defendant was charged with the sale of intoxicating liquor to Ole Sloan. He appeals from the judgment of conviction and from an order denying new trial. In his brief he makes the following points:

"(1) That the information does not state a public offense. (2) Misconduct of the state's attorney. (3) That the state's attorney cross-examined a state's witness. (4) That one of the jurors was not a citizen. (5) Insufficiency of the evidence.

[1]   Under the first point he urges that the charge that he willfully and unlawfully sold intoxicating liquors to Ole Sloan contrary to the form of the statute, etc., was insufficient, because the words "capable of being used as a beverage" were not contained in the information. The words quoted refer in section 10237, Rev. Code 1919, to a mixture or compound. They have

nothing whatever to do with an information which charges the sale of intoxicating liquor. The information was sufficient.

[2]    As to point 2, the alleged misconduct lies in asking the following question of the witness Sloan:

"Q.    Did you ever get any home-made beer from Runyan? A. Yes, sir; I drank one or two bottles. Never paid for any, but it was set out there for some friends?

"Q.    And you drank it?

Mr. Johnson: This is objected to as being an offense, if it is one, not described in the information—no date, no time, nothing certain as to it. (Objection sustained.)"

The following questions of the witness Rector:

"Q.    Did you find any intoxicating liquor?

"Mr. Johnson: That is objected to as being purely collateral to the case at bar, improper, not relating to any offense set forth in the information, not in any way binding on this defendant; hearsay, irrelevant, and immaterial. (Objection sustained.)

"Q.    That was the day that Mr. Runyon broke a bottle of liquor, wasn't it?

"Mr. Johnson: Same objection as last made. (Objection sustained.)"

The following questions of the witness Bailey:

"Q.    And you saw him smash up a gallon jug of liquor, did you?

"Mr. Johnson: That is objected to as not being within the issues in this case, purely collateral to the matter at bar, not relating to any offense set forth in the information for which the defendant is being tried at this time; incompetent, irrelevant, and immaterial. (Objection sustained.)

"Q.    Did you arrest Runyan that day?

"Mr. Johnson: Objected to for the reasons stated in the objection last made. (Objection sustained.)"

And the following questions of the defendant:

"Q.    You were arrested about a month ago for having liquor in your possession down there, in a public place, were you not?

"Mr. Johnson: Objected to as relating to a matter not set forth in the information, collateral to the case at bar, not tending to prove or disprove any of the issues; incompetent, and immaterial. (Objection sustained.)

"Q. And you have recently been selling some home-made beer down there, haven't you?

"Mr. Johnson:. Objected to for the reasons last given, and the further reason it is improper cross-examination, not in any way having been touched on direct examination, and the further reason it is prejudicial and misconduct, tending to prejudice the defendant in the eyes of the jury. (Objection overruled.)     A. No, sir.

"Q. Never did?

"Mr. Johnson: Same objection as last made. (Objection overruled.)

"Q. You have given away some home-made beer down there. A. Yes. Anybody that comes in there—

"Mr. Johnson: Objected to for the reasons last given, and the further reason it is prejudicial, misconduct of counsel, and attempt to prejudice the jury, not in any way relating to this offense set forth in the information, improper cross-examination. (Objection sustained.)

"Did you ever give away wine down there?

"Mr. Johnson: Same objection as last made. (Objection overruled.)     A. No."

It must be borne in mind that the charge in question was that of selling to a designated person. It was not a charge of having intoxicating liquor in possession with intent to evade the law such as in State v. Work, 201 N. W. 553, 47 S. D. 649, wherein we held certain evidence admissible. Nor does this case come within the rule laid down in State v. Laymon, 167 N. W. 402, 40 S. D. 381. The transactions about which the above evidence was sought to be elicited were not in any way connected with the present charge, but concerned other alleged crimes. Such evidence was therefore inadmissible. State v. La Mont, 120 N. W. 1104, 23 S. D. 174; State v. Kaufman, 195 N. W. 447, 46 S. D. 585; State v. Eames (Minn.), 203 N. W. 769. The conduct of the state's attorney in pursuing such line of questioning after adverse rulings was reprehensible, and constituted prejudicial error. State v. La Mont, supra; Hansen v. Boots, 168 N. W. 798, 41 S. D. 96. From the meager evidence as to the sale in question, and from the impression of appellant's lack of sympathy with the "prohibition" law formed in our own minds from reading such improper exami-

nation, we have no hesitancy in believing that the jury was prejudiced by it.

[3]    As to the alleged error in cross-examination of the state's witness by the state's attorney, the ony assigned error is the following question of Sloan, who was shown to be a hostile witness:

"Q.    And did you make this statement, or do you recall making this: 'I said if I went down to Davis, if he wanted me to, I would bring him some good wine.'

"Mr. Johnson:. Objected to as hearsay, not shown to have been made in the presence of Runyan, and attempting to cross-examine his own witness, and, if for impeachment, not a proper question.    (Objection sustained.)"

The objection was sustained ,and we perceive no prejudicial error in the asking of the question.

[4]    As to one juror not being a citizen we are of the opinion that the objection came too late. It was not discovered until after the trial was concluded.    Rev. Code 1919, §§ 4849, 4855.

[5]    As to the insufficiency of the evidence, the assignments of error do not specify the particulars wherein the evidence was insufficient; therefore we refrain from reviewing the evidence. Supreme Court rule 4; Rev. Code 1919, § 2546.

By reason of the misconduct of the state's attorney above shown, the judgment and order appealed from are reversed, and the cause is remanded for a new trial.

Note.—Reported in 207 N. W. 482.    See, Headnote (1), American Key-Numbered Digest, Intoxicating liquors, Key-No. 216, 33 C. J. Sec. 437; (2) Criminal law, Key-No. 703, 16 C. J. Sec. 2229, 17 C. J. Sec. 3655; (3) Criminal law, Key-No. 1170½ (5), 17 C. J. Sec. 3655; (4) Criminal law, Key-No. 823(3), 16 C. J. Secs. 2649, 2660; (5) Criminal law, Key-No. 923(3), 17 C. J. Sec. 3484.