STATE, Respondent, v. DEGNER, Appellant.

(241 N. W. 515.)

(File No. 7092.   Opinion filed March 15, 1932.)

R. J. *Lyons,* of Madison, and *A. J. Keith,* of Sioux Falls, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for the State.

CAMPBELL, P. J.   Defendant was found guilty by the verdict of a jury upon an information charging him with the offense of selling intoxicating liquor.   From judgment pronounced upon said verdict, and from denial of his motion for new trial, he has appealed.

Appellant seeks to predicate error upon claimed mis-

conduct of the state's attorney in propounding a certain interrogatory to a character witness called by appellant. The assignment of error upon this point is entitled to no consideration because it entirely fails to refer to any specification of error upon which it is based. See Rule 4, Supreme Court Rules. Further, misconduct of counsel must be presented by affidavit as distinguished from settled record. Section 2556, R. C. 1919; State v. Wilcox, 48 S. D. 289, 204 N. W. 369; Wolff v. Stenger, 59 S. D. 231, 239 N. W. 181.

Appellant challenges the sufficiency of the evidence. To review it in detail would serve, we think, no good purpose. We have examined the record with care and are satisfied that the evidence on behalf of the state, if believed by the jury, was ample to support their verdict.

The sale of which appellant was convicted was charged to have been made to one Reeves, a minor. Reeves was called as a witness upon the state's case in chief, and the following questions were propounded to him by the state's attorney and the following answers received over proper objection:

"Q. You have purchased liquor there before, have you? A. I have.

"Q. On these previous occasions that you had been at Degner's farm state whether or not you had purchased any liquor? A. I had purchased it before."

Appellant predicates error upon the admission of these answers on the theory that they were proof of independent offenses and consequently inadmissible, and cites, inter alia, State v. Runyan, 49 S. D. 406, 207 N. W. 482.

We incline to the view that the testimony when offered was inadmissible, and that it was error to receive it. It is undoubtedly the general rule that proof of the commission by defendant of independent and disconnected offenses of a similar nature is not admissible to establish the commission of the crime charged. State v. Runyan, supra; State v. Hanks, 55 S. D. 63, 224 N. W. 946. However, when evidence of prior conduct of the defendant becomes material and relevant for the purpose of establishing a material issue concerning intent, knowledge, design, plan, or motive, such conduct is not inadmissible merely because it happens to be

criminal and happens to constitute an offense independent of the crime charged. State v. Fulwider, 28 S. D. 622, 134 N. W. 807; State v. Salte, 54 S. D. 536, 223 N. W. 733. Cf. also Wigmore on Evidence (2d Ed.) §§ 215, 216, §§ 300-306, § 368.

In the instant case defendant subsequently took the stand. He admitted a transaction with reference to a certain liquid with a certain person at the time charged in the information. Defendant's version of the transaction, however, was, in substance, that a man came to his house; that the man did not look as Reeves looked at the time of the trial, but had farmer's clothes on, needed a shave, and that defendant thought he was "one of the Grannon boys," but would not say positively that it was not Reeves; that the individual in question wanted to know if he could get some cider; that defendant said he did not have much left, but he could have what there was; that defendant went to the cellar and got the cider, put it in two bottles which he put on the table, and then blew out the lantern which he had taken to the cellar and went to hang it up; that when defendant returned from hanging up the lantern the man was gone with the bottles and $2 had been left on the table; that there had been no previous conversation about sale or about paying for the cider; that defendant took the $2 and laid it in a cupboard; that the liquid which defendant got from the cellar and put in the bottles which the man took away was nonintoxicating sweet cider. In other words, defendant admitted that he had a transaction with a third person with regard to liquor at the time in question, but defendant's position was, first, that he believed the man in question was a neighbor boy and not Reeves, though he would not swear it was not Reeves; second, that the liquor was sweet cider and not intoxicating liquor; and, third, that the transaction was not a sale at all but, at most, a mere gift. After defendant had given that testimony we think it would have been competent for the witness Reeves to testify that he had been at defendant's place three or four times before and had purchased intoxicating liquor on such occasions. If that is true, then, upon the whole record, prejudicial error does not arise merely because the testimony of Reeves was given out of order and prior to defendant's testimony.

The instructions are not set out in the record and no exception was taken thereto by appellant. We therefore assume that the

learned trial judge (if appellant so requested) properly instructed the jury with reference to this testimony, and properly limited the consideration thereof to the specific points with reference to which it was material.

Under all the circumstances appearing upon this record, we are convinced that the admission of such evidence, even if erroneous at the time, could not be said ultimately to constitute prejudicial error.

The judgment and order appealed from are affirmed.

POLLEY and RUDOLPH, JJ., concur.

WARREN, J., concurs in the result.

ROBERTS, J., disqualified and not sitting.